IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



PHILLIP DAVID YACONIS
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

       Plaintiff,

v.

       CIVIL ACTION. 2:16cv426

ARMOR CORRECTIONAL HEALTH SERVICES, INCORPORATED
4960 SOUTHWEST 2nd AVENUE # 400
MIAMI, FL 33155

    and

HAROLD W. CLARKE
DIRECTOR
VIRGINIA DEPARTMENT OF CORRECTIONS
6900 ARMORE DRIVE
RICHMOND, VA 23261-6963

    and

A. DAVID ROBINSON
CHIEF OF CORRECTIONS OPERATIONS
VIRGINIA DEPARTMENT OF CORRECTIONS
6900 ATMORE DRIVE
RICHMOND, VA 23261-6963

    and

FREDERICK SCHILLING
DIRECTOR OF HEALTH SERVICES
VIRGINIA DEPARTMENT OF CORRECTIONS
6900 ATMORE DRIVE
RICHMOND, VA 23261-6963

    and

JOHN/JANE DOE
DIRECTOR OF HEALTH SERVICES
VIRGINIA DEPARTMENT OF CORRECTIONS
6900 ATMORE DRIVE
RICHMOND, VA 23261-6963

    and

MARK AMONETTE, M.D.
CHIEF PHYSICIAN
VIRGINIA DEPARTMENT OF CORRECTIONS
6900 ATMORE DRIVE
RICHMOND, VA 23261-6963

     and

EDDIE PEARSON, LEAD WARDEN
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

     and

CAROLYN PARKER, ASSISTANT WARDEN
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

     and

VINCENT GORE, M.D.
LEAD PHYSICIAN
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

     and

L.BRYANT CHILCOTE, R.N.
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

     and

A. SMITH, R.N.
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

     and

J. KIDD, R.N.
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

     and

E. SHAW, R.N.
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

    and
NURSE PRACTITIONER WILLIS
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614

    and

CYNTHIA BOOTEN, M.D.
GREENSVILLE CORRECTIONAL CENTER
901 CORRECTIONS WAY
JARRATT, VA 23870-9614
            Defendants.

## COMPLAINT WITH JURY DEMAND

Plaintiff, Phillip David Yaconis, submits this complaint seeking compensatory and punitive damages against defendants Armor Correctional Health Services, Incorporated, Harold W. Clarke, A. David Robinson, Frederick Schilling, John/Jane Doe, Eddie Pearson, Carolyn Parker, Mark Amonette, M.D., Vincent Gore, M.D., L. Bryant Chilcote, R.N., A. Smith, R.N., J. Kidd, R.N., E. Shaw, R.N., Nurse Practitioner Willis, Cynthia Booten, M.D. (collectively "defendants"). Plaintiff hereby alleges, on the basis of his personal knowledge, information, and belief, the following:

## NATURE OF CASE

1. This is a Civil Rights Action brought by Phillip David Yaconis, a prisoner who resides at the Greensville Correctional Center, a prison operated by the Virginia Department of Corrections, seeking damages against defendants for the failure to provide plaintiff with medical care sufficient to satisfy the minimum standards mandated by the Eighth Amendment of the

United States Constitution.

2. Plaintiff seeks relief from the defendants knowing and intentional failure, acting under color of state law, to provide plaintiff medical care adequate to protect plaintiff from imminent physical injury, illness, and undue risk of premature death in deliberate indifference to plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment.

## JURISDICTION AND VENUE

3. Plaintiff brings this Action authorized by 42 U.S.C. § 1983 to redress the deprivation under color state law, rights, privileges, and immunities secured to plaintiff by the constitution and the laws of the United States of America. This Court has Jurisdiction and Authority to grant relief pursuant to 28 U.S.C. §§ 1331 and 1343 (a), (3), and the United States District Court for the Eastern District of Virginia is an appropriate Venue under 28 U.S.C. § 1391 (b) (2) because it is where the actions and omissions giving rise to this complaint occured.

## PARTIES

A. Plaintiff

4. Phillip David Yaconis, (hereinafter "Yaconis") proceeding pro se, is now and at all times relevant to the events described herein, a citizen of the United States of America, confined within the Virginia Department of Corrections (hereinafter "VDOC"), Yaconis was at all times relevant to the events described herein, housed at the Greensville Correctional Center (hereinafter "GRCC") located at 901 Corrections Way, Jarratt, VA 23870-9614.

5. Yaconis is now and at all times relevant to the events

described herein, an "institutionalized person" with the
meaning and intent of 42 U.S.C. § 1997 (Civil Rights of
Institutionalized Persons Act), and as such, Yaconis is a member
of that class of persons requiring special assistance in
protecting his rights.

### B. Defendants

6. Defendant, Armor Correctional Health Services, Incorporated,
is and was at all times relevant to the events described herein,
is a for profit Corporation, organized and existing under the
laws of the state of Florida and maintaining it's principal
place of business in Miami, Florida. Armor manages medical care
for correctional facilities, including GRCC, in Jarratt, VA.
Armor entered into a contractural agreement with the VDOC in
accordance to code of Virginia § 53.1-262, (the Corrections
Management Act) to provide medical treatment of VDOC prisoners.

7. Defendant, Harold W. Clarke (hereinafter "Clarke"), is
the Director of the Virginia Department of Corrections and is
and was at all times relevant to the events described herein.
As such, Mr. Clarke is the legal custodian of prisoners
sentenced for felony offenses, and is responsible for the safe,
secure, and humane housing and treatment of these prisoners,
including Yaconis. VDOC retains a non-delegable duty under the
Constitution and laws of the United States and of the
Commonwealth of Virginia to ensure that the Medical care provided
to prisoners, including Yaconis, residing in it's Correctional
facilities, including GRCC, or those facilities it has entered
into contract with, meets or exceeds applicable Constitutional
minimum standards.

8. Defendant, A. David Robinson is the Chief of Operations for the VDOC, and is and was at all times relevant to the events described herein. In that capacity, Mr. Robinson, upon information and belief, exercises general supervisory authority over VDOC's provision of medical care services to prisoners incarcerated in VDOC correctional facilities, including GRCC, and those facilities under contract with the VDOC.

9. Defendant, Frederick Schilling was the Director of Health Services for the VDOC. Defendant is and was at all times relevant to the events described herein. In that capacity, Mr. Schilling, upon information and belief, exercises direct day-to-day supervisory authority over the provisions of medical care services, under contract to prisoners incarcerated in VDOC correctional facilities, including prisoners at GRCC.

10. Defendant, John/Jane Doe, is the Director of Health Services for the VDOC Defendant is and was at all times relevant to the events described herein. In that capacity, Mr/Ms. Doe, upon information and belief, exercises direct day-to-day supervisory authority over the provisions of medical care services under contract to prisoners incarcerated in VDOC correctional facilities, including prisoners at GRCC.

11. Defendant, Mark Amonette, M.D., is and was at all times relevant to the events described herein. Dr. Amonette (hereinafter "Amonette") is the Chief Physician for the VDOC. In his capacity, Amonette is responsible for providing adequate, appropriate and humane medical care to all prisoners in the custody of the VDOC, including the prisoners housed at GRCC, as well as Yaconis, as

-6-

contemplated by the Constitutions and Laws of the United States and of the Commonwealth of Virginia.

12. Defendant, Eddie Pearson, (hereinafter "Pearson") is and was at all times relevant to the events described herein, an employee of the VDOC and the Lead Warden at Greensville Correctional Center. In his capacity, Mr. Pearson is directly responsible at all times for the safe, secure, and humane housing and treatment of all VDOC prisoners that reside, and have resided at GRCC, including Yaconis.

13. Defendant, Carolyn Parker, (hereinafter "Parker") is and was at all times relevant to the events described herein, an employee of the VDOC and Assistant Warden at GRCC. In her capacity, Warden Parker is directly responsible at all times for the safe, secure, and humane housing and treatment of all VDOC prisoners that reside, and have resided at GRCC, including Yaconis.

14. Defendant, Vincent Gore, M.D., (hereinafter "Gore") is and was at all times relevant to the events described herein, the Lead Physician at GRCC. As such, Dr. Gore was and is charged with the responsibility of providing adequate, and humane medical care to all prisoners while residing at GRCC, including Yaconis, as contemplated by the Constitutions and Laws of the United States and of the Commonwealth of Virginia, as well as, in accordance with Armor's contractual obligations to VDOC.

15. Defendant, L. Bryant Chilcote, R.N., is and was at all times relevant to the events described herein, an employee of Defendant Armor and employed as the Director of Nursing for GRCC. Upon information and belief, Nurse Chilcote supervises over GRCC's

-7-

nursing staff for all the security housing units medical departments, including housing unit 11.

16. Defendant, A. Smith, R.N., is and was at all times relevant to the events described herein, an employee of defendant Armor and employed as the Assistant Health Services Administrator for GRCC. Upon information and belief, Nurse A. Smith exercises direct day-to-day supervisory authority over the provisions of medical care services being provided to the prisoners housed at GRCC, including Yaconis.

17. Defendant, J. Kidd, R.N., was at all times relevant to the events described herein, an employee of defendant Armor and employed as a Registered Nurse at GRCC S-3 security housing unit. Upon information and belief, Nurse Kidd, (hereinafter "Kidd") performed and presided over and administered the sick call process in the S-3 security housing unit at GRCC and supervised GRCC's nursing staff for the S-3 security housing unit.

18. Defendant, E. Shaw, R.N., (hereinafter "Shaw") was at all times relevant to the events described herein, an employee of defendant Armor and employed as a Registered Nurse at GRCC for the S-2 security housing unit. Upon information and belief, Nurse Shaw performed and presided over and administered the sick call process for the S-2 security housing unit at GRCC and supervised GRCC's nursing staff for the S-2 security housing unit.

19. Defendant, Cynthia Booten, M.D., (hereinafter "Booten") is and was at all times relevant to the events described herein, an employee of defendant Armor and employed as one of GRCC's Physicians. As such, she was charged with the responsibility of

providing adequate, appropriate, and humane medical care to all prisoner's residing at GRCC during her employment, including Yaconis, as contemplated by the Constitutions and Laws of the United States and of the Commonwealth of Virginia, as well as, in accordance with Armor's contractural obligation to VDOC.

20. Defendant, Nurse Practitioner Willis, (hereinafter "Willis") is and was at all times relevant to the events described herein, employed by defendant Armor as one of the medical care providers/physicains for the S-2 security housing unit located at GRCC. As such, Ms. Willis is charged with the responsibility of providing adequate, appropriate, and humane medical care to all prisoners while residing at GRCC, including Yaconis, as contemplated by the Constitutions and Laws of the United States and of the Commonwealth of Virginia, as well as, in accordance with Armors contractural obligations to VDOC.

21. Each of the defendants is sued in his or her individual/ personal capacities. At all times relevant to the events, acts and/or omissions alleged in this complaint, the individual defendants and Armor Correctional Health Services, Incorporated, individually and collectively, have acted under color of State Law, pursuant to their authority and responsibilities as officials, employees and/or agents of the Commonwealth of Virginia.

## FACTUAL BACKGROUND

### A. GRCC and it's Medical Services

22. Upon information and belief, GRCC began housing prisoners in 1990. GRCC houses approximately 3,500 prisoners. GRCC operates as one single prison with three (3) different security housing

-9-

units S-1, S-2, S-3. Each housing unit functions as their own entity seperate from the other security housing units. Each security housing unit has it's own medical department seperate from the other security housing units. Each security housing unit has the capacity to house approximately 1,032 prisoners. Assistant Wardens are assigned to each security housing unit to carry out the functions and responsibilities of lead Warden, Eddie Pearson. GRCC also has a medical unit (HU-11) that serves as a hospice for all three (3) security housing units for the prisoners who may require specialized medical care. Housing unit 11 (HU-11) also houses the offices for the lead Physician and the Health Services Administrators, as well as dental, X-ray,and dialysis departments. These personnel and departments supervise the individual security housing units (S-1, S-2, and S-3) medical departments.

23. At all times relevant to the events described herein, defendant Armor employed a medical staff consisting of Vincent Gore, M.D., Cynthia Booten, M.D., Nurse Practitioner Willis, J. Kidd, R.N., E. Shaw, R.N., L. Bryant Chilcote, R.N., A. Smith, R.N., and approximately 65 to 70 additional health care providers, including upon information and belief, mental health counselors, dentists, dental assistants, medical secretaries, registered nurses, licensed practical nurses, and certified nursing assistants.

24. These nurse preside over and administer the "sick call" procedure at GRCC. At sick call, prisoners are screened and evaluated to determine if they will see a physician.

B. **Yaconis' Medical Issues and Claims**

-10-

25. Plaintiff, Phillip David Yaconis, whom at present is 35 years old, was transferred from the Virginia Beach City Jail to the reception and diagnostics section of GRCC located in the S-3 security housing unit on June 17, 2014. Before being placed into a permanent facility and general population, prisoners are placed into a reception and diagnostic section. While there, prisoners, including Yaconis, undergo Medical, Dental, Mental Health, and Security level classification to ensure a prisoners placement in VDOC will be best suited for a prisoners current medical, mental health, and security needs.

26. Upon arrival at GRCC's reception and diagnostic section, Medical Staff explained the process for sick call, medical co-payment policy, issued information pertaining to H.I.V., MRSA, Hepatitis, Oral Care, the physical benefits of exercise, drug abuse, addiction, and the benefits of nutrition and weight management. This is explained orally and in writting. Medical staff also obtained Intersystem health screening and updated emergency contact information. In addition, Yaconis was asked if he wanted to be tested for H.I.V. In response, Yaconis stated to the medical provider that he recently (two months prior) tested negative/non-reactive for H.I.V. while at the Virginia Beach City Jail. Medical staff also performed a physical on Yaconis, including blood tests by medical staff in the S-3 security housing unit on June 19, 2014.

27. On July 9, 2014, Dr. Gore informed Yaconis that he (Yaconis) recently tested positive for Hep C. Yaconis asked Dr. Gore about the possibility of receiving treatment for Hep C and

-11-

was told by Dr. Gore that the medical department would monitor
Yaconis' condition and after a thorough screening they would
treat Yaconis if his (Yaconis') current condition called for
treatment.

28. On December 15, 2014, Yaconis was called to the S-3
medical department for the purpose of discussing the results of
the lab samples that were collected on October 23, 2014. Dr.
Booten stated to Yaconis that "VDOC will not treat offenders who
do not meet VDOC's criteria for Hep C treatment", including Yaconis.
Despite this analysis, Yaconis requested to be screened for
treatment available to cure the Hep C virus. Dr. Booten ignored
Yaconis' request and stated she made note of Yaconis' complaint
of pain in his right side.

29. On January 6, 2015, Yaconis was called to the S-3 medical
department to consult with Dr. Booten the process of being screened
for Hep C treatment available to cure the Hep C virus and why the
screening for this process had not begun yet. Dr. Booten stated to
Yaconis that "Your (Yaconis') efforts for getting the treatment
to cure the Hep C virus are futile as VDOC will not provide
treatment to anyone for Hep C as long as these treatments are so
expensive." Yaconis informed Dr. Booten of the pains he was having
on his right side. Dr. Booten made no response.

30. On January 7, 2015, Yaconis filed an informal complaint
about Dr. Booten refusing to screen Yaconis for treatment and for
stating that VDOC was not treating offenders for Hep C because
of the cost and for also making the comment that "You (Yaconis)
should not of put yourself in this position." Informal complaint

-12-

number GCC-15-INF-00219. See exhibit 1-A.

31. On January 12, 2015, R.N. Kidd answered Yaconis' complaint by stating the following "Per Dr. Amonette, the lead Physician of D.O.C, D.O.C is in the process of getting new treatment plan for Hep C approved for use in D.O.C. Currently there is not a treatment plan approved for Hep C treatment as old plan was outdated. He advises us to explain that Hep C is a slow progressing disease and the delay in treatment for a few months should have little to no affect on the liver. We will start using treatment as soon as one is approved." See exhinit 1-A.

32. On January 28, 2015, Yaconis filed a grievance in regards to the informal complaint response that was issued by R.N. Kidd on January 12, 2015. Grievance was received and filed by GRCC grievance department on February 4, 2015 and given Grievance Number GCC-15-REG-00072. See exhibit 1-B.

33. On February 13, 2015, Yaconis was scheduled for medical sick call but was never called to medical department. Yaconis was not given a reason for medical providers cancellation.

34 On February 19, 2015, Yaconis went to medical about pains in his right side, skin rash, and also sciatic nerve pain. Yaconis explained to NP. Tarpely the the two pains were not related. NP. Tarpely told Yaconis to put ice on his side and back and to also "do back exercises." NP. Tarpely also prescribed mobic for any inflamation around nerve and skin cream for rash. NP. Tarpely did not address pains on Yaconis' right side.

35. On February 23, 2015, Asst. Warden Parker deemed Yaconis' grievance previously filed on January 28, 2015, UNFOUNDED. In

her response, Warden Parker states that Yaconis' grievance is governed by Operating Procedure 720.1, Access to Health Services. See exhibit 1-C. Grievance Number GCC-15-REG-00072

36. On February 24, 2015, Yaconis filed a level 2 grievance appeal to the Health Services Director for the VDOC, Frederick Schilling. See exhibit 1-C.(Page-1 and-2)

37. On March 5, 2015, Director of Health Services for the VDOC, Frederick Schilling, upheld the level 1 response handed down by Assistant Warden Parker. In response, Mr. Schilling claims that Yaconis' grievance is governed by "restricted policy". See exhibit 1-D.

38. On April 1, 2015, Yaconis was called to medical sick call about skin condition not getting any better. Nurse Parks scheduled Yaconis to see a Dr. about condition.

39. On April 9, 2015, Yaconis saw Nurse Practitioner Tarpley about skin condition. N.P. Tarpley prescribed Yaconis oral medication (Diflucan) for skin fungus. Yaconis also requested to be screened for Hep C treatment as instructed by Health Services Director, Frederick Schilling. See exhibit 1-D.

40. On April 14, 2015, Yaconis was called to medical department to have blood samples taken (3 viles) per Dr's order.

41. On April 22, 2015, Yaconis wrote a letter to Attorney Victor Glasberg to see if he would be able to assist Yaconis in receiving treatment for his Hep C condition.

42. On May 11, 2015, Yaconis received a response from Victor Glasberg. Glasberg notified both Harold W. Clarke, Director of VDOC and Eddie Pearson, Lead Warden for Greensville Correctional

Center by letter, advising them of Yaconis' attempt to receive treatment for his Hep C condition. See exhibit 2-A.

43. On the morning of May 15, 2015, Yaconis was called to medical department. Lab Technician Buckner collected 4 vials of blood from Yaconis. Yaconis asked Lab Technician Buckner what the reason for the lab tests were, lab tech Buckner stated that she herself did not know.

44. On May 15, 2015, Yaconis was called to medical department at 2:10 p.m. to be given 1st set of Hep A and Hep B vaccination shots. Vaccination shots were administered by nurse Parks.

45. On May 19, 2015, Yaconis was scheduled to have blood collected, but the medical department failed to call for Yaconis.

46. On May 27, 2015, Yaconis learned that he has Genotype 1A of the Hep C virus. Genotype 1A is the most progressive form of the disease. This was determined from the labs that were collected on May 15, 2015, per request by Dr. Vincent Gore. Yaconis asked nurse Parks whether or not she knew if Yaconis' request for treatment had been approved yet. Nurse Parks stated that she did not know of any treatment being approved for Yaconis.

47. On May 29, 2015, Yaconis received notice from Dr. Sharma that Dr. Amonette, VDOCs Lead Physician, officially denied Yaconis' request for Hep C treatment on May 27, 2015. See exhibit 2-B.

48. On June 5, 2015, Yaconis filed an informal complaint concerning Dr. Amonettes letter of denial for Hep C treatment. See exhibit 3-A.

49. On June 12, 2015, Yaconis was called to medical to discuss

the possibility of being placed on a low-iron diet to help combat or slow down the progression of Yaconis' Hep C. Dr. Leo Gangoy, M.D. stated that "Hepatitis C does not cause enough damage to be placed on a special diet."

50. On June 14, 2015, Yaconis received a response from R.N. Shaw for the informal complaint previously filed on June 5, 2015. Response was dated on June 9, 2015. "According to Dr. Amonette, after reviewing the information provided it was determined that you do not meet the criteria for Hep C treatment at this time. You will be continued to monitor including lab work." See exhibit 3-A. GCC-15-INF-05097.

51. On June 14, 2015, Yaconis filed a grievance for the informal complaint response by R.N. Shaw. Grievance Number GCC-15-REG-00486. See exhibit 3-B.

52. On June 15,2015, Yaconis received second set of vaccination shots for Hep A and Hep B.

53. On July 2, 2015, Yaconis received level 1 grievance response issued by Asst. Warden Parker declaring Yaconis' grievance as "UNFOUNDED". Grievance response states that Yaconis' grievance is governed by Operating Procedure 720.1, Access to Health Services. Grievance Number GCC-15-REG-00486. See exhibit 3-C (page 1).

54. On July 2, 2015, Yaconis appealed Assistant Warden Parkers level 1 grievance response to the Health Services Director. See exhibit 3-C (page 2).

55. On July 7, 2015, Robert C. Bedell, also known as Eyvind

-16-

Odinsson, began Harvoni treatment for his Hep C condition. See exhibit 4.

56. On July 14, 2015, Yaconis was called to medical department for lab tests. The reason for lab tests were unknown to Yaconis as well as lab technician who collected the blood samples from Yaconis, lab technician Buckner, who stated to Yaconis that she herself was unaware of what the labs were for. Yaconis, as of the date this complaint was prepared, has not been called to medical department to discuss results.

57. On July 17, 2015, Yaconis was called prematurely to medical department for Hep A and Hep B vaccinations. Vaccinations are to be given in specific intervals. After the first set of vaccinations, patient is to wait 4 weeks before having second set of vaccinations administered. After the second set of vaccinations, patient is to wait 8 weeks before receiving the final set of vaccinations. It takes a total of 6 months to successfully complete vaccinations from begining to end. Yaconis' first received vaccinations on May 15, 2015, second set on June 15, 2015, therefore the third set should not of been administered until November 15, 2015. There should be 24 weeks between 1st and 3rd vaccinations. As explained by nurse Parks.

58. On July 22, 2015, Yaconis received a level 2 grievance response from Frederick Schilling, VDOCs Director of Health Services. Grievance Number GCC-15-REG-00486. As before with GCC-15-REG-00072, Mr. Schilling supported his findings with "restricted policy" and encouraged Yaconis to pursue treatment as Hep C protocal may have been "revised" since last treatment

-17-

request. See exhibit 3-D.

59. On July 22, 2015, Yaconis was called to medical complaining about sharp pains on his right side and also problems with his right hip. Yaconis specified that the two pains were not related. Dr. Sharma stated that he would order X-rays. To this day, X-rays have not been executed.

60. On October, 20, 2015, Yaconis was called to medical department for lab tests. Yaconis was never notified prior to lab tests and therefore was unaware of what the lab tests were specifically ordered for. Lab technician Buckner claimed that she did not konw what the labs were for.

61. On December 16, 2015, Yaconis was called to medical department to receive final vaccination shot for Hep A and Hep B. Shots were administered by Nurse Shaw. Vaccinations were 1 month past due.

62. On December 23, 2015, Yaconis went to medical department to discuss the lab results that were collected on October 20, 2015. Yaconis stated that he was experiencing frequent diarhea and and requested a liver biopsy to determine the amount of damage/ scarring done to Yaconis' liver. Dr. Waddy stated that she would order the biopsy. However, Dr. Waddy also stated, "the powers that be would probably deny the liver biopsy." Liver test was requested by Dr. Waddy. See exhibit 8.

63. On January 4, 2016, Yaconis was called to the medical department. Yaconis informed Dr. Waddy of the pains he was having on his right side as well as the frequent diarhea and also the concerns for the patchy hairloss he was now experiencing as well

-18-

on his face and scalp. Yaconis was also concerned about the
damage being done to his internal organs and was insistent that
a liver biopsy be performed. Dr. Waddy stated she specifically
oredered the biobsy on the 23rd of December, 2015, and the order
was awaiting approval from administration.

64. On February 2, 2016, Yaconis was called to medical to
have blood samples collected for fibrosis score.

65. On February 8, 2016, Yaconis filed an informal complaint
about pains he was having on his right side, patchy hairloss and
being denied Hep C treatment. GCC-16-INF-01404. See exhibit 5-A.

66. On February 17, 2016, Yaconis was called to medical
department to discuss lab results that were collected on February
2, 2016. After stating to N.P. Willis all the issues Yaconis was
experiencing due to his Hep C condition, pains on side, diarhea,
and now the issuse of having his hair fall out in abnormal patterns
of patches, N.P. Willis stated that having"Hep C is not part of
the protocal for being treated for Hep C." Yaconis then requested
to see a Gastroentorologist due to the continuing pains and
symptoms he was experiencing due to his Hep C condition. N.P.
Willis stated that there was no need for Yaconis to see any
specialist. N.P. Willis then asked Yaconis to leave the medical
department.

67. On Fe'truary 17, 2016, Yaconis filed an informal complaint
on N.P. Willis' comments of "having Hep C is not part of the
protocal for receiving treatment". And for also stating there was
no reason for Yaconis to see any specialist. GCC-16-INF-01685.
See exhibit 6-A.

68. On February 22, 2016, R.N. Shaw issued a response to the informal complaint filed by Yaconis on February 8, 2016, tracking # GCC-16-INF-01404. "You will be scheduled for provider sick call to discuss above concerns." See exhibit 5-A.

69. On February 24, 2016, Yaconis went to medical to discuss random abnormal hairloss, pains on his right side, and frequent diarhea. N.P. Willis ordered a blood test to check Yaconis' testosterone levels and stated that pains and diarhea were not an issue. N.P. Willis also stated that Yaconis' hair folicles appeared to be dying.

70. On February 29, 2016, YAconis filed a grievance concerning R.N. Shaws response to informal complaint # GCC-16-INF-01404. See exhibit 5-B.

71. On March 1, 2016, Yaconis was called to medical to give blood samples for the lab tests ordered by N.P. Willis on February 24, 2016.

72. On March 3, 2016, Yaconis went to medical department complaining about chest pains, difficulty breathing, hairloss, pains on his right side, and frequent diarhea. Dr. Cutchin ordered X-rays of Yaconis' chest and stated that he would recommend Yaconis to see a Gastroentorologist as well as a Dermatologist.

73. On March 4, 2016, R.N. Shaw issued a response to Yaconis' informal complaint GCC-16-INF-01685. "You will be scheduled for sick call to discuss with a provider." See exhibit 6-A.

74. On March 7, 2016, Yaconis was called to medical to see Dr. Cutchin about hairloss, pains on his right side, frequent

diarhea, and difficulty breathing. Dr. Cutchin became aggrivated that the X-rays he ordered om March 3, 2016, had not been executed yet. Neither was Yaconis scheduled to see a Gastroentorologist or Dermatologist as requested by Dr. Cutchin. Dr. Cutchin stated he would reorder the X-rays and resubmit to see Gastroentorologist and Dermatologist.

75. On March 7, 2016, Grievance Coordinator Kinsley returned Yaconis' grievance previously filed on February 29, 2016, GCC-16-REG-00226, claiming the filing period for grievance had expired. See exhibit 5-B (reverse side).

76. On March 8, 2016, Yaconis appealed Grievance Coordinator Kinsley's March 7, 2016, decision to the Regional Ombudsman C. Boone, to have grievance # GCC-16-REG-00226 overturned and returned to GRCC for logging and review. See exhibit 5-C.

77. On March 8, 2016, Yaconis was schedulued for X-rays. However, S-2 medical department failed to transfer Yaconis' medical file to Housing Unit 11,(HU-11), where the X-rays would be performed. Yaconis had to have X-rays recheduled for March 10, 2016.

78. On March 9, 2016, Yaconis presented a receipt for the amount of $ 8.00 to Medical Records Technician (MRT) Spencer, showing that Yaconis paid for the eighty copies of medical records that made up Yaconis' medical history while residing at GRCC. M.R.T. Spencer instructed Yaconis to return the next day.

79. On March 10, 2016, Yaconis saw X-ray Technician Mobley ahd had a total of 4 X-rays taken of Yaconis' chest as ordered by Dr. Cutchin.

80. On March 10, 2016, the S-2 medical Dept. failed to provide

Yaconis copies of Yaconis' madical file. Yaconis filed an informal complaint for not receiving a copy of his medical file. I/C tracking # GCC-16-INF-02393. See exhibit 7-A.

81. On March 10, 2016, Yaconis filed a grievance for informal complaint response issued on March 4, 2016, by R.N. Shaw. See exhibit 6-B. Informal Complaint Number GCC-16-INF-01685

82. On March 14, 2016, Regional Ombudsman, C. Boone, returned Yaconis' grievance, GCC-16-REG-00226 to GRCC's grievance office rejecting grievance coordinator D.Y. Kinsley's decision that the filing period had expired. Regional Ombudsman Boone ordered the grievance to be looged and reviewed. See reverse side of exhibit 5-B.

83. On March 15, 2016, Yaconis went to medical department about the pains on his right side, patchy hairloss, frequent diahrea. Dr. Cutchin stated that he "doesn't understand why administration won't approve recommendiation's of seeing a Gastroenterologist or Dermatologist". Dr. Cutchin stated that he would continue to push the issue as he did not have the authority to approve outside specialist appointments.

84. On March 16, 2016, Yaconis was scheduled for sick call, however, was not called to medical department. Medical provider did not give reason for appointment cancellation.

85. On March 28, 2016, Yaconis received a response from R.N. Shaw for informal complaint previously filed on March 10, 2016, for not receiving copy of medical file after Yaconis payed the required fee. GCC-16-INF-02393. "According to Ms. Spencer you did not report to pill window to pick up your copy. You will

be called to medical today." See exhibit 7-A.

86. On March 30, 2016, Yaconis, after waiting an entire 24 hour period, filed a grievance for R.N. Shaw's response to informal complaint number GCC-16-INF-02393 for not receiving medical file. See exhibit 7-B.

87. On April 6, 2016, Yaconis received a copy of his medical file that is said to cover the medical history of Yaconis' stay at GRCC from June 17, 2014-March 3, 2016.

88. On April 6, 2016, Yaconis filed an informal complaint regarding the inaccurate and illegible contents of medical file. Informal complaint tracking number GCC-16-INF-03261. See exhibit 9-A.

89. On April 14, 2016, Yaconis received Assistant Warden Parker's response for grievance number GCC-16-REG-00213, dated April 12, 2016. Warden Parker deem's Yaconis' grievance to be "UNFOUNDED". Warden Parker's claim is that grievance is governed by Operating Procedure 720.1 IV #A. See exhibit 6-C. (Page 1 of 2)

90. On April 14, 2016, Yaconis appealed Warden Parker's level 1 grievance response to the VDOC's Health Services Director. See exhibit 6-C (appeal starts on bottom of page 1 and continues on page 2). GCC-16-REG-00213.

91. On April 15, 2016, Yaconis received Warden Parker's level 1 grievance response, dated April 13, 2016, for grievance number GCC-16-REG-00226. Warden Parker deemed Yaconis' grievance to be "UNFOUNDED". Parker also states that grievance is governed by Operating Procedure 720.1, Access To Health Services. See exhibit 5-D.

92. On April 15, 2016, Yaconis filed an appeal to Warden Parker's level 1 grievance response to the VDOC's Health Services Director. See exhibit 5-D. GCC-16-REG-00226.

93. On April 22, 2016, R.N. Shaw issued a response to informal complaint number GCC-16-INF-03261, previously filed on April 6, 2016, stating "it is not clear as to what documentation you are refering to. Please be more specific." See exhibit 9-A.

94. On April 26, 2016, Yaconis received level 2 grievance response from the Health Services Director, dated April 22, 2016. His/Her claim is that Yaconis' grievance appeal is "UNFOUNDED" and governed by restricted policy. Name of Health Services Director is unknown due to the illegible handwriting of signature. Yaconis has attempted on two (2) seperate occassions to find whose signature is on level 2 response via grievance department for GRCC and also through medical department. Neither of Yaconis' request's have been answered or returned. See exhibit 6-D. GCC-16-REG-00213.

95. On April 27, 2016, Yaconis received level 2 grievance response from the VDOC Health Services Director, dated April 25, 2016. His/Her claim is that Yaconis' grievance appeal is " "UNFOUNDED" and governed by restricted policy. Name of Health Services Director is unknown due to the illegible handwriting of signature. See exhibit 5-E. GCC-16-REG-00226.

96. On April 28, 2016, Yaconis received Warden Parker's response for grievance number GCC-16-REG-00279. Warden Parker deemed Yaconis' grievance for not receiving copy of his medical file as "FOUNDED" being governed by Operating Procedure 050.6 IV, D #6a. See exhibit 7-C.

97. On April 28, 2016, Yaconis received Warden Parker's response for Regular Grievance number GCC-16-REG-00279. Warden Parker deemed Yaconis' grievance for not receiving a copy of medical files as "FOUNDED" being Governed by Operating Procedure 050.6 IV. D#6a. See Exhibit 7-C.

98. On April 28, 2016, Yaconis filed an appeal to Warden Parker's findings of Regular Grievance number GCC-16-REG-00279 in order to exhaust all available avenues of administrative remedies. See Exhibit 7-C.

99. On May 1, 2016, Yaconis filed a grievance to R.N. Shaw's Informal Complaint response (GCC-16-INF-03261. See Exhibit 9-B.

100. On May 5, 2016, Grievance Coordinator S. Tapp, returned Yaconis' grievance as a non-grievable issue claiming that "this issue has not caused you personal loss or harm." See reverse side of Exhibit 9-B.

101. On May 10, 2016, Yaconis appealed decision of grievance coordinator S. Tapp to the Regional Ombudsman to have grievance returned to GRCC's grievance department for logging and review. See Exhibit 9-C.

102. On May 16, 2016, Yaconis received Level II grievance response from the VADOC's Health Services Director, dated May 9, 2016, upholding Warden Parker's findings of being "FOUNDED". GCC-16-REG-00279. See exhibit 7-D.

103. On May 18, 2016, Regional Ombudsman, C. Boone, denied Yaconis' appeal to have his grievance, that was previously filed on May 1, 2016, and rejected by S. Tapp, returned to GRCC's

Grievance Department for logging and review. See exhibit 9-B
(reverse side)

104. As of this date, June 10, 2016, Yaconis has not received
any treatment for his serious medical condition  Yaconis has suffered,
and continues to suffer, severe and debilitating, unbearable,
physical pain and discomfort. He has been subjected to needless
uncertainty giving rise to extreme mental anguish and emotional
distress, due to defendant's failure to act, and omissions, which
clearly demonstrate their deliberate indifference to Yaconis'
serious medical needs, physical pain, and suffering.

## C. Armor and VDOC'S Failure to Provide Constitutionally Adequate Medical Care

105  Yaconis incorporates by reference, as though fully restated
herein, the allegations set forth in paragraphs 1-104 above.

106. Upon information and belief, Armor maintains lower
operating expenses, and thus increases its profits, under contract
with the VDOC. Due to the experiences reflected in Yaconis'
allegations, it is apparent the undue delay and lack of medical care
to Yaconis' serious condition was caused by Armor's departure from
the accepted and appropriate standard of care, and designed on the
basis of cost considerations driven by Armor's motivation to minimize
its expenses and thereby maximize its corporate profits. However,
this cannot justify the Defendant's acts and omissions which
constitute a deliberate indifference to Yaconis' serious medical
issues and needs

107. On May 6, 2015, Attorney Victor Glasberg, notified the Director of the VDOC, Harold W. Clarke, concerning Armor and VDOC's outright and deliberate failure to provide timely, adequate, and sufficient medical care for Yaconis' serious medical condition. Mr. Glasberg's letter regarding the nature of Yaconis' situation, and the lack of medical care being provided to Yaconis was ignored by Director Clarke. As a result, Mr. Clarke has acted in contravention of relevant policy and sound correctional practices, has purposefully avoided direct personal knowledge of the substance of Glasberg's letter describing the pervasive nature of the deficient medical care to which Yaconis was being subjected to at GRCC, as set forth in this Complaint. (See exhibit 2-A)

108. On May 6, 2015, Attorney Victor Glasberg notified Lead Warden, Eddie Pearson, concerning Armor and VDOC's outright and intentional failure to provide timely, adequate, and sufficient medical care for Yaconis' serious medical condition. Mr. Glasberg's letter regarding the nature of Yaconis' situation and the lack medical care being provided to Yaconis was totally ignored by Warden Pearson. As a result, Mr. Pearson, has or, in contravention of relevant policy and sound correctional practices, has purposefully avoided direct personal knowledge of the substance of Mr. Glasberg's letter, describing the pervasive nature of the deficient medical care to which Yaconis was subjected to at GRCC, as set forth in this Complaint. (See exhibit 2-A)

109. Under the provisions of VDOC Operating Procedure 866.1, defendant Carolyn Parker, as Assistant Warden of GRCC, reviewed and determined Yaconis' grievances with respect to the failure to

-27-

provide medical care or provisions of deficient medical care in those instances when Yaconis' complaint regarding the nature or extent of medical care he had or had not received is not resolved to Yaconis' satisfaction on an informal basis. As a result, Ms. Parker has or, in contravention of relevant policy and sound correctional practice, has purposefully avoided direct personal knowledge of the substance of Yaconis' grievances describing the pervasive nature of the deficient medical care to which Yaconis was subjected to at GRCC, as set forth in this complaint.

110. Under the provisions of VDOC Operating Procedure 866.1, defendant Schilling, as VDOC Health Services Director, is the individual to whom grievances initiated by Yaconis with respect to failure to provide medical care or provisions of deficient medical care were directed for ultimate review and disposition when such grievances have not been resolved to the satisfaction of Yaconis at earlier stages in the grievance process. As a result, Mr. Schilling has or, in contravention of relevant policy and sound correctional practice, has purposefully avoided direct personal knowledge of the substance of Yaconis' grievances describing the pervasive nature of the deficient medical care to which Yaconis was subjected to at GRCC, as set forth in this Complaint.

111. Under the provisions of VDOC Operating Procedure 866.1, defendant John/Jane Doe, whose name is unknown to Yaconis due to the illegible signature on level 2 grievance responses, (see exhibits 5-E and 6-D) as Health Services Director, is the individual to whom grievances initiated by Yaconis with respect to failure to provide medical care or provision of deficient medical care were

directed for ultimate review and disposition when such grievances have not been resolved to the satisfaction of Yaconis at earlier stages in the grievance process. As a result, Mr. Schilling..has or, in contravention of relevant policy and sound correctional practice, has purposefully avoided direct personal knowledge of the substance of Yaconis' grievances describing the pervasive nature of the deficient medical care to which Yaconis was subjected to at GRCC, as set forth in this Complaint.

112. As a result of it's officials and employees direct participation in and awareness of the review process involving Yaconis' grievances clearly stating the deficient medical care and the outright failure to provide timely, adequate, and sufficient medical care for a serious medical condition without requiring GRCC and Armor to implement corrective measures, Dèfendants, VDOC, Clarke, Schilling, Pearson, Parker, and John/Jane Doe engaged in and supported the deliberate indifference to Yaconis' serious medical problems and needs.

1. **Failure To Acknowledge, And Treat Yaconis' Serious Medical Problem.**

113. Upon information and belief, under the provisions of the contract between Armor and VDOC, the greater the amount of time and attention Armor devoted to Yaconis' medical needs, the greater the resulting expense, thus adversley affecting Aromr's profits.

114. As a result, defendants failed to acknowledge and timely treat Yaconis' serious medical problems and concerns.

115. Yaconis tested positive for Hep C. This disease, left untreated, is known to cause irreversible liver damage, cancer, and

ultimately death. Yaconis repeatedly requested treatment and the
ability to obtain an appointment with a liver specialist that could
properly treat or perform the necessary medical procedures to assess
the amount of damage done to Yaconis' liver. Yaconis was denied the
oppurtunity to see any liver specialist concerning this serious
and potentially life-threating disease.

116. Defendants failure and refusal to acknowledge and treat
Yaconis' serious and potentially fatal medical condition in an
appropriate and timely manner as reflected in paragraphs 1-115
above constitutes deliberate indifference to serious medical needs.

## 2. Failure To Refer Yaconis For Needed Specialized Care.

117. Upon information and belief, under the provisions of
the contract between Armor and VDOC, any referral of Yaconis to any
outside medical facility for specialized evaluations or care
increases the operating expenses for which Armor is responsible and
thus decreases their profits. As a result, defendants failed or
refused to make referrals in a timely manner, despite Yaconis'
clearly apparent an documented need for specialized care.

118. Defendant, NP Willis, along with defendant Booten, M.D.,
on several occassions stated to Yaconis that he did not need to
see any liver specialist nor did Yaconis meet the criteria and
standards set by the VDOC to be considered for Hep C treatment. Dr.
Booten went as far as to say that the VDOC was not treating but a
handful of people because of the costly bill Hep C treatment would
produce. Since testing positive for Hep C, Yaconis has not been
provided any type of treatment or preventive measures to combat or
slow down the progression of Yaconis' potentially life-threatening

disease. Yaconis has requested specialized diets that would lack processed foods and consist of a low-iron intake, however, neither the medical department nor the VDOC felt the need to treat Yaconis' Hepatitis C as a serious medical condition that requires a special diet as a means of preventive measures. As a result, Yaconis' serious medical condition continues to thrive unchecked.

119. Defendants' failure, refusal, and/or untimely delay in the face of a clearly recognized need, to refer and approve Yaconis for specialized care, as well as, the ability to be evaluated by an outside specialist constitutes deliberate indifference to Yaconis' serious medical needs.

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

120. The VDOC has promulgated an administrative grievance procedure for Commonwealth of Virginia prisoners that purports to fulfill the minimum standards established by 42 U S.C. § 1997 (e). Yaconis submits that he has exhausted his available administrative grievances.

121. Yaconis further submits that he believes, and therefore, asserts, that he has in good faith attempted to have these issues resolved to avoid bringing this action.

## CLAIM FOR RELIEF

122. Yaconis incorporates by reference, as though fully restated herein, the allegations set forth in paragraphs 24-121 above.

123. Defendants deliberate indifference to Yaconis' serious medical need caused severe physical pain and suffering. mental anguish, emotional distress, deterioration of his health and an

increased risk of irreversible liver damage, leading to cirhossis of the liver, increased medical, nursing, and pharmeceutical care for the future, diminished life expectancy and diminished engagement of life's activities.

124. Defendants policies, practices, acts and/or omissions constitute and reflect deliberate indifference to the serious medical needs of Yaconis and violate the Cruel and Unusual Punishment Clause of the United States Constitution, which is applicable to the Commonwealth of Virginia and those acting on its behalf under the color of state law to the Fourteenth Amendment of the Constitution.

## CONCLUSION

125. WHEREFORE, for all the foregoing reasons, Yaconis has demonstrated that the actions and omissions of the defendants, whether done collectively and/or individually, have caused a deprivation Yaconis' rights, privileges, or immunities secured by the United States Constitution, and, Yaconis has demonstrated that the actions and omissions and defendants, whether done collectively and/or individually, have caused a deprivation of his quality of life.

## PRAYER FOR RELIEF

WHEREFORE, Yaconis respectfully prays that this Court:

1. Issue or Order Adjudging and Declaring that:

A. Defendant's Armor Correctional Health Services, Inc, Harold W. Clarke, A. David Robinson, Frederick Schilling, John/Jane Doe, Eddie Pearson, Carolyn Parker, Mark Amonette, M.D., Vincent Gore, M.D., L. Bryant Chilcote, R.N., A. Smith. R N., J. Kidd, R.N., E. Shaw, R.N., N.P. Wills, Cynthia Booten, M.D., acts and omissions

as described herein were unlawful and violated Yaconis' rights under the Costitution and Laws of the United States:

2. Award compensatory and punitive damages in the following amounts:

A. Seven Hundred and Thirty Thousand Dollars ($730,000) against defendants Armor Correctional Health Services, Incorporated;

B. Three Hundred and Sixty Five Thousand Dollars ($365,000) against defendant Harold W. Clarke;

C Seventy Five Thousand Dollars ($75,000) against defendant A. David Robinson;

D. Three Hundred and Sixty Five Thousand Dollars ($365,000) against defendant Eddie Pearson;

E. Four Hundred and Thirty Thousand Dollars ($430,000) against defendant Mark Amonette;

F. One Hundred and Twenty Thousand Dollars ($120,000) against defendant Carolyn Parker;

G. Two Hundred and Ten Thousand Dollars ($210,000) against defendant Vincent Gore;

H. EightyFive Thousand Dollars ($85,000) against defendant L. Bryant Chilcote;

I. EightyFive Thousand Dollars ($85,000) against defendant A. Smith;

J. One Hundred Thousand Dollars ($100,000) against defendant J. Kidd;

K. Three Hundred Thousand Dollars ($300,000) against defendant

E. Shaw;

L. Three Hundred and Sixty Five Thousand Dollars ($365,000) against defendant Nurse Practitioner Willis;

M. One Hundred and Eighty Two Thousand Dollars ($182,000) against defendant Cynthia Booten;

N. Four Hundred Thousand Dollars ($400,000) against defendant Frederick Schilling;

O. Two Hundred Thousand Dollars ($200,000) against Defendant John/Jane Doe;

P. Award Yaconis reasonable fees and costs incurred; and

Q. Grant all other and further relief as this Court may deem necessary and/or appropriate in the interest of Justice

Respectfully submitted on this ᕬᑌ day of June 2016.

Phillip David Yaconis
Plaintiff, Pro Se
901 Corrections Way
Jarratt, VA 23870-9614

## VERIFICATION

Plaintiff is fully apprised of the provisions of Rule 11 of the Federal Rules of Civil Procedure for the United States District Courts, and plaintiff, by his signature below, declares under penalty of perjury, and therfore asserts and confirms that he is the plaintiff in this Action, that he is fully aware of the factual allegations contained herein, that he brings this Action in good faith, that he believes he is entitled to the redress herein requested, and that all of the factual allegations contained in this Complaint are true of his own knowledge, except as to those allegations herein stated on his information and belief, and that, as to these allegations, he believes them to be true.

Signed this __23__ day of __June__ 2016.

Phillip David Yaconis
Greensville Correctional Center
901 Corrections Way
Jarratt, Va 23870-9614

VIRGINIA DEPARTMENT OF CORRECTIONS
Informal Complaint

Effective Date: July 1, 2013
Operating Procedure 866.1   Attachment 2

# Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

**An Informal Complaint is not required for an alleged incident of sexual abuse.**

*EXHIBIT 1-A*

| Phillip Yaconis | 1015190 | 9-420-2 |
|---|---|---|
| Offender Name | Offender Number | Housing Assignment |

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [X] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify): _____
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific):

I requested medical treatment after testing positive for Hepatitis C. This is the first that I learned of having the disease, upon my request, Dr. Amon told me that D.O.C is not treating people for Hep C because of the cost. I know this to be a false statement. I recently was notified that D.O.C is treating people for Hep C but it would be a select few. Dr. Amon totally disregarded my request and also stated that I should not be put myself in the position of someone else's disease. This Conduct is unbecoming of someone under the Hippocratic oath. My request for treatment still stands.

Offender Signature: *Phillip Yaconis*          Date: 1-7-2015

---

**Offenders – Do Not Write Below This Line**

| | |
|---|---|
| Date Received: 1/9/15 | Tracking # GCC1508X00219 |
| Response Due: 1/24/15 | Assigned to: S3 Medical |

Action Taken/Response:

Re: Dr. Amonette the head physician of DOC. DOC is in the process of getting new treatment plan for Hep C approved for use in DOC. Currently there is not a treatment plan approved for Hep C treatment as old plan was out dated. He advises use to explain that Hep C is a slow progressing disease and the delay in treatment for a few + months should have little to no affect on the liver. We will start using treatment as soon as one is approve

Respondent Signature: *J. Kidden*     Printed Name and Title: *Skidden*     Date: 1-12-15

**RECEIVED**
FEB 04 2015
GRIEVANCE OFFICE

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____     Date: _____

Staff Witness Signature: _____     Date: _____

*Revision Date: 4/9/13*

EXHIBIT 1-B

| Yacons | Phillip | 1015196 | 4 | 216  T |
|--------|---------|---------|---|--------|
| Last Name | First | 2015 MAR -2 Number: 03 | Building | Cell/Bed Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint or other documentation of informal process.) I went to medical with complaints about having pains on my right side/oblique area. I recently tested positive for hepatitis C (July 2014) while in recieving here at Greenville correctional center. I promptly requested treatment and was told that I needed to undergo testing to see how progressive the disease was and that the pace of progression would determine whether or not I qualified for treatment. After giving blood on two (2) different occasions I still have had no response as to when I will start treatment. Upon my last request for treatment I was told by Nurse Booten. that "D.O.C. was not permitting treatment for hep C because of their cost. I know this statement to be entirely false. By D.O.C. standards noone can be turned down for any treatment because of financial reasons. Initially I filed an informal complaint on Jan 9. 2015. And have not received any response up to date (1-28-2015)

**What action do you want taken?** ~~I want to be treated for hepatitis C as soon as possible~~. It does no good to allow the disease to gradually damage my liver beyond repair when treatment (effective treatment) is available. I was lied to by a Medical Doctor of this facility for reasons unknown to me. My request for treatment should be taken seriously. (Informal complaint attached) Date of occurrence was on or about 1-2-2015. I filed the medical request form on Dec. 20th 2014 and had it returned on 1-2-2015. (Form attached)

Grievant's Signature: Phillip D. Yacons 1015196       Date: 1-28-2015

Warden/Superintendent's Office: S. Japp

Date Received: 2/4/15

RECEIVED
FEB 04 2015
GRCC GRIEVANCE OFFICE

RECEIVED
JAN 30 2015
GRCC GRIEVANCE OFFICE



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6
DOC Location: GCC Greensville Correctional Center
Report generated by Whitehead, K L
Report run on 02/23/2015 at 10:18 AM



2015 MAR -2 PM 3: 03

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Yaconis, Phillip D | 1015190 | **Current** Greensville Correctional Center | | GCC-15-REG-00072 |
| **Housing** | | **Filed** Greensville Correctional Center | | |
| HU-4-2-215-T | | | | |

LEVEL I:    WARDEN/SUPERINTENDENT'S RESPONSE    (To be completed and mailed within 30 calendar days)

**In your grievance you state that** on January 2, 2015 Dr. Booten denied you treatment for your Hepatitis C and advised you that DOC is not treating this due to the cost.

**As a result of this grievance you would like** the available treatment so the disease does not gradually damage your liver beyond repair.

**The results of the informal process reveal** your informal complaint was responded to by J. Kidd, RN, on January 12, 2015 stating – Per Dr. Amonette,  head physician of DOC, DOC is in the process of getting new treatment plan for Hep C approved for use in DOC.  Currently there is not a treatment plan approved for the Hep C treatment as the old plan was outdated.  He advises us to explain that Hep C is a slow progressing disease and the delay in treatment for a few months should have little to no affect on the liver.  We will start using treatment as soon as one is approved.

**An investigation into your complaint indicates** that this grievance is governed by Operating Procedure 720.1, Access to Health Services.  The Facility Unit Head, in conjunction with the Health Authority, will ensure that offenders have access to, and are provided adequate health care services.

Further investigation reveals that per Dr. Amonette, they are working on resumption of treatment and that because of the nature of Hepatitis C, it is slow acting and waiting a few months or even a year or two should not have a significant impact on the patient's liver.  Plans are currently being developed for Hepatitis C treatment.  You are not being denied medical care for your Hepatitis C.

Your grievance is being ruled as **unfounded**.

**Your grievance is governed** by Operating Procedure 720.1, Access to Health Services.

**After thoroughly reviewing the information presented by staff in response to your complaint and the policy governing the issue, I** find your grievance to be unfounded.

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Health Services Director, PO Box 26963, Richmond, VA  23261-6963

| | | |
|---|---|---|
| _C.M.P. Gillilay, RN_ | | 2/23/15 |
| Warden/Superintendent | | Date |

I wish to appeal the Level I response because: Dr. Amonette's response is false. Treatment is available

Rev. 05/31/2007

for KEP C. However, with the cost being $84,000.00 per inmate, D.O.C is refusing treatment in most cases's because they are waiting for a cheaper alternative. There are supposed to be an estimated 23 offenders to be treated this year at a projected 11.8 million dollars 2015 MAR 23 PM 3:03 worth. Hep C can not be measured in progression from someone else's case. In other words they don't know the damage it can cause to a liver over several months or a years time. That is negligence.

| Offender Signature | Phillip Yaconis # 1015190 | Date | 2-24-2015 |

P. Yaconis  1015190  REG-00042  Pg. 2  KW



VIRGINIA DEPARTMENT OF CORRECTIONS

## Offender Grievance Response - Level II

DOC Location: C00 Central Office, Administration

Report generated by Ray, H C

Report run on 03/04/2015 at 2:35 PM

EXHIBIT 1-D

FILE COPY

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Yaconis, Phillip D | 1015190 | Current | Greensville Correctional Center | GCC-15-REG-00072 |
| **Housing** | | **Filed** | Greensville Correctional Center | |
| HU4-2-215-T | | | | |

LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE (To be completed and mailed within 20 calendar days)

**LEVEL II HEALTH SERVICES DIRECTOR:**

Your grievance appeal complaint has been reviewed along with the response from Level I and your complaint that on 01/02/15, you were denied the treatment for Hepatitis C due to the cost.

Based on the information provided and upon further investigation, I concur with the Level I response and have determined your grievance **UNFOUNDED.** Be advised that per the Health Services Medical Director, the Hepatitis C treatment guidelines have now been resumed. It is recommended that you access sick call for evaluation of your Hepatitis C condition. This issue is governed **restricted policy.**

**If you have any further issues, please resubmit a sick call request for further evaluation of your medical needs and treatment plan.** You are encouraged to follow the recommendations of the health care staff as well. There is no violation of policy/procedure regarding this issue. No further action is needed from this level.

**In accordance with OP 866.1 governing the Inmate Grievance Procedure, Level II is the last level of appeal for this complaint. All administrative remedies have been exhausted regarding this issue.**

3/5/15

| Regional Director, Health Services Director, or Chief of Operations for Offender Management Services | Date |
|---|---|

RECEIVED
MAR 09 2015
GRCC GRIEVANCE OFFICE

Offender Grievance Response - Level II

Rev. 05/31/2007

Report run on 03/04/2015

Exhibit 2-A

# Victor M. Glasberg *&* Associates ATTORNEYS

121 South Columbus Street  Alexandria VA 22314  telephone: (703) 684-1100  fax: (703) 684-1104

Victor M. Glasberg
vmg@robinhoodesq.com

*Of Counsel*
Bruce A. Fredrickson

May 6, 2015

Harold W. Clarke, Director
Department of Corrections
P.O. Box 26963
Richmond, VA 23261

Eddie L. Pearson, Warden
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Dear Director Clarke and Warden Pearson:

I write on behalf of Greensville inmate Phillip Yaconis (#1015190).  He has been diagnosed with hepatitis C.  He reports that he has not been receiving medication to treat this condition, and that he has been told by the doctor who saw him, Dr. Booten, that the Department of Corrections is not treating prisoners with hepatitis C because it is too expensive.

Kindly have this issue looked into immediately and – assuming the material accuracy of what I have written above – arrange for the prompt commencement of Mr. Yaconis' medicine. In either event, please advise me of the disposition of this matter.  If you have the slightest doubt regarding the necessity to provide Mr. Yaconis with his medication, I urge you to consult counsel in the attorney general's office.  I am copying her on this letter since we are involved in other litigation.

Thank you.

Sincerely,

Victor M. Glasberg

YaconisPhillip\Letters\ClarkePearson2015-0506
cc: Kate Dwyer, Esq. (by email)

EXHIBIT 2-B

To:    Vincent Gore, MD

From:  Mark Amonette, MD

Re.:   Phillip Yaconis

       DOC#1015190

Date:  5/27/15

After review of the information provided it is determined that the above offender does not meet the
criteria for Hepatitis C treatment at this time and is therefore not approved for treatment.   The
offender should be monitored according to the VADOC Interim Guideline for Chronic Hepatitis C
Infection Management.  This includes a clinical evaluation as well as checking a CMP, CBC, PT/INR, and
calculating the APRI.  This should be done every 6 months for offenders with Genotype 3 disease and
annually for offenders with all other Genotypes.  If lab values or the APRI score suggest disease
progression, then a request should be resubmitted for treatment approval.

Operating Procedure 866 Attachment 2

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint. An Informal Complaint is not required for an alleged incident of sexual abuse.

Phillip Yaconis                    1015190

Offender Name                      Offender Number                   Housing Assignment

☐ Unit Manager/Supervisor          ☐ Food Service                    ☐ Treatment Program Supervisor
☐ Personal Property                ☐ Commissary                      ☐ Mailroom
☒ Medical Administrator            ☐ Other (Please Specify): _____

Briefly explain the nature of your complaint (be specific):

On 5/28/2015 Dr. Sharma officially informed me of Dr. Amonette's letter of denial for Hep C treatment, stating that I did not meet D.O.C.'s criteria for treatment.

Offender Signature _Phillip Yaconis_          Date 6-5-2015

### Offenders - Do Not Write Below This Line

Date Received: 6-8-15

Response Due: 6-23-15                          Tracking # 05097

                                               Assigned to: S-2 medical

Action Taken/Response:

According to Dr. Amonette, after reviewing the information provided it was determined that you do not meet the criteria for Hep C treatment at this time. You will be continued to monitor including lab work.

_EShawen_                    EShawen                    6-9-15

Respondent Signature          Printed Name and Title          Date

### WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____          Date: _____

Staff Witness Signature: _____          Date: _____

REC JUN 17 2015 GRCC GRIEVANCE OFFICE

Revision Date: 4/9/13

EXHIBIT 3-A

# REGULAR GRIEVANCE

GCC-15-REG-

Log Number: 00496

2015 JUL -8 PM 12:28

| Yaconis | Phillip | 1015190 | 4 | 231 T |
|---|---|---|---|---|
| Last Name | First | Number | Building | Cell/Bed Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint or other documentation of informal process.) On 5/29/2015 Dr. sharma officially informed me Dr. Amonette's letter of denial for Hep C treatment, stating that I did not meet D.O.C.'s criteria for treatment. This is my only issue. Anything from this point forward is in support of this one issue. The I.C. respondent states that I do not meet D.O.C criteria. However, Hepatitis is a serious medical condition and the constitution of the United States as well as Virginia require that I receive adequate medical care. This affects me personally because without this treatment my liver will continue to produce high levels of Iron which eventually becomes toxic and cause cancer of the liver. And possible organ failure.

**What action do you want taken?** I would like to know what V.O.C. "criteria for for Hep C treatment is (since name will reveal what the criteria is) I would like treatment for Hepatitis C that V.O.C. is required to provide me.

Grievant's Signature: _[signature]_ # 1015190        Date: 6-14-2015

Warden/Superintendent's Office: _K. Whitehead_

Date Received: _6-17-15_

RECEIVED
JUN 17 2015
GRCC GRIEVANCE OFFICE

Revision Date: 5/29/07

EXHIBIT 3-B

VIRGINIA DEPARTMENT OF CORRECTIONS
Regular Grievance

Effective Date: December 1, 2010
Operating Procedure 866.1 Attachment 2

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| INTAKE: | Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____ Date: _____

If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.

| Regional Review of Intake (within 5 working days of receipt) | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____ Date: _____

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

Revision Date: 5/29/07



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

2015 JUN -8 PM 12: 28

866.1 A-6
DOC Location: GCC Greensville Correctional Center
Report generated by Whitehead, K L
Report run on 06/30/2015 at 10:22 AM

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Yaconis, Phillip D | 1015190 | **Current** Greensville Correctional Center | | GCC-15-REG-00486 |
| **Housing** | | **Filed** Greensville Correctional Center | | |
| HU4-2-231-B | | | | |

LEVEL I:    WARDEN/SUPERINTENDENT'S RESPONSE     (To be completed and mailed within 30 calendar days)

**In your grievance you state that** on May 29, 2015 Dr. Amonette denied you of Hep C treatment.

**As a result of this grievance you would** like to know what VDOC criteria for Hep C treatment is and would . like treatment.

**The results of the informal process reveal** your informal complaint was responded to by E. Shaw, RN, on June 9, 2015 stating – According to Dr. Amonette after reviewing the information provided, it was determined that you do not meet the criteria for Hep C treatment at this time.  You will be continued to monitor including lab work.

**An investigation into your complaint indicates** that this grievance is governed by Operating Procedure 720.1, Access to Health Services.  The Facility Unit Head, in conjunction with the Health Authority, will ensure that offenders have access to, and are provided adequate health care services.

Further investigation reveals that on May 27, 2015 Dr. Amonette sent a letter stating he had reviewed the information provided and determined you do not meet the criteria for Hepatitis C treatment at this time; therefore, is not approved for treatment.  You will be monitored according to DOC interim guideline for Chronic Hepatitis C Infection Management.  This includes clinical evaluations, checking labs and calculating the APRI.  If the lab values or the APRI suggest disease progression, then a request for treatment should be resubmitted.

Your grievance is being ruled as **unfounded**.

**Your grievance is governed** by Operating Procedure 720.1, Access to Health Services.

**After thoroughly reviewing the information presented by staff in response to your complaint and the policy governing the issue,** I find your grievance to be unfounded.

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Health Services Director, PO Box 26963, Richmond, VA  23261-6963

| | |
|---|---|
| _Cly K Parker An_ | _6/30/15_ * |
| Warden/Superintendent | Date |

I wish to appeal the Level I response because:

(EXHIBIT 3-C page two )
page 1 of 2

* I did not receive   Rev. 05/31/2007
this until thursday July 2nd, 2015
by C/O Dawson. And mail did not run
on the 1st

In regards to my grievance of not receiving adequate healthcare from the facility unit head, in conjunction with the Health Authority, Ass. Warden Carolyn Parker states that my grievance is unfounded in support of operating procedure 720.1 which is to ensure Adequate healthcare to offenders and cannot discriminate against one another. To say that I don't meet D.O.C. criteria and not expound on what the criteria consists of

| Offender Signature | Phillip Yaconis  1015190 | Date  7-2-2015 |

P. Yaconis  1015190   REG-00486   Pg. 2 KW

Continued from above: is unconstitutional. Assistant warden Parker also stated that I would continue to be monitored by the medical department to see if my Hepatitis C is progressing and if so, then a request for treatment will be made. Hepatitis C is a naturally progressive disease. It is always in progression. It is slowly attacking my liver and will do so until my liver can longer function. It is going to kill me if I do not receive treatment. My genotype is 1A which happens to be the most progressive and Deadly form of the disease. So to say that I will be "monitored" but not treated is basically allowing me to die a slow agonizing death. The F.D.A has Approved Hepatitis C treatments that have been proven to cure 99% of Hepatitis C patients who have never before received treatment. I am just learning of my Hepatitis C and have a great chance of being cured from this disease if I receive treatment in due time. And to not treat me is unconstitutional as well as cruel and unusual. The pain that I experience from complications to my Hepatitis are indescribable. I should not have to go through this when there is a cure available for my Disease.

Phillip Yaconis   # 1015180

7-2-2015

Offender Grievance Response - Level I     Page 2 of 2     Rev. 05/31/2007
Report run on 06/30/2015 at 10:22 AM

(EXHIBIT 3-C)
page 2 of 2

VIRGINIA DEPARTMENT OF CORRECTIONS

866.1 A·7

**Offender Grievance Response - Level II**

DOC Location: C00 Central Office, Administration

Report generated by Ray, H C

Report run on 07/17/2015 at 10:58 AM

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Yaconis, Phillip D | 1015190 | **Current** | Greensville Correctional Center | GCC-15-REG-00486 |
| **Housing** | | **Filed** | Greensville Correctional Center | |
| HU4-2-231-B | | | | |

LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE (To be completed and mailed within 20 calendar days)

**LEVEL II HEALTH SERVICES DIRECTOR:**

Your grievance appeal complaint has been reviewed along with the response from Level I and your complaint that you were denied the Hepatitis C treatment by Dr. Amonette on 05/29/15.

Based on the information provided and upon further investigation, I concur with the Level I response and have determined your grievance **UNFOUNDED.** The current Hepatitis C treatment guidelines may have been revised since your last review noted on 05/27/15. If so, it is recommended that you access Medical to determine your eligibility for Hepatitis C treatment based on the current guidelines. It is further noted that your hepatitis condition is being evaluated and monitored by Medical at the institution. This issue is governed by **restricted policy.**

**If you have any further issues, please resubmit a sick call request for further evaluation of your medical needs and treatment plan.** You are encouraged to follow the recommendations of the health care staff as well. There is no violation of policy/procedure regarding this issue. No further action is needed from this level.

**In accordance with OP 866.1 governing the Inmate Grievance Procedure, Level II is the last level of appeal for this complaint. All administrative remedies have been exhausted regarding this issue.**

| | |
|---|---|
| | 7/20/15 |
| Regional Director, Health Services Director, or Chief of Operations for Offender Management Services | Date |

EXHIBIT 3-D

Offender Grievance Response - Level II

Rev. 05/31/2007

In the United States District Court
for the Eastern District of Virginia


Phillip David Yaconis,
          Plaintiff,

v.

Armor Correctional Health
Services, Inc., ET AL,
          Defendant,


### Declaration of Eyvind Odinsson

I, Eyvind Odinsson, do hereby declare as follows:

1. On March 9, 2015, while incarcerated at Deep Meadows Correctional Center, located in State Farm, Virginia, I was informed by Dr. Clarke, attending Physician at Deep Meadows Correctional Center (hereinafter "DMCC") that a new Hepatitis C treatment, called Harvoni, was being offered to offenders. I let Dr. Clarke know that I would like to be screened for the new harvoni treatments. Dr. Clarke collected the necessary lab works and instructed me to fill out the application for Dr. Amonette, the Chief Physician for Virginia Department of Corrections. (hereinafter "VDOC"), to review and make a final decision.

2. On March 22, 2015, I was called to the infirmary at DMCC to go over my lab results with Dr. Clarke in regards to receiving

hepatitis C treatment. Dr. Clarke then informed me that "according to your labs you do not qualify for the new hepatitis C treatment". Dr. Clarke also stated that she would send the lab results to Dr. Amonette for him to make the final decision.

3. In April of 2015, I was transferred to Greensville Correctional Center (hereinafter "GRCC"). Immediately upon my arrival at GRCC I began to inquire about the status of my approval for the Harvoni hepatitis C treatments. Medical staff at GRCC could not give me any definitive answer about the status of my treatment.

4. On June 22, 2015, afer months of adamantly seeking treatment for hepatitis C, I was called to the medical unit at GRCC (HU-11) for a tele-med conference with the liver clinic located at the Virginia Commonwealth University College of Virginia (hereinafter "VCU/MCV"). While in the conference I was told that I did not qualify for the hepatitis C treatment because they did not think my viral loads were high enough. Despite this statement, I pleaded with the liver specialists to grant the treatment. At the conclusion of the meeting, I was given no assurance as to whether or not I would receive treatment for hepatitis C.

5. On July 7, 2015, I was called to the medical department at GRCC and began the new hepatitis C treatment, Harvoni.

6. In late December 2015, after a 90 day post treatment follow-up, it was determined through blood tests that the hepatitis C virus was undetectable in my blood. The liver clinic, at that time, labeled my hepatitis C condition as **CURED**.

7. Even though VDOC physicians continously informed me that they did not think I should receive treatment (Harvoni) for hepatitis C. I was extremely sick and constantly at the medical department at DMCC and GRCC with symptoms of severe liver disease. My quality of life and major life activities were diminished. I was in a constant state of pain and still deemed ineligible for hepatitis C treatment.

Executed this 28th day of April 2016

_Eyvind Odinsson_

Eyvind Odinsson


COMMONWEALTH OF VIRGINIA,
COUNTY OF GREENSVILLE, to-wit;

The foregoing was Subscribed and Sworn to before me, Latoya S. Mays, a Notary Public, in my jurisdiction aforesaid on the 28th day of April 2016.

Latoya S. Mays
Notary Public

My Commission Expires: 12/31/2019

LATOYA S. MAYS
NOTARY PUBLIC
Commonwealth of Virginia
Commission #7644541
My Commission Expires 12/31/2019

Effective Date: July 1, 2013

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint. An Informal Complaint is not required for an alleged incident of sexual abuse.

Phillip Yerean _____ 1015190 _____ 4-23, T

Offender Name _____ Offender Number _____ Housing Assignment

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [x] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify):
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific):

I have Hepatitis C and have sought treatment for my condition but have been turned down by medical department ~~who~~ with the excuse being my viral loads are too low to treat its a symptom Hep C cause's random hair loss if it goes untreated I am now experiencing hairloss (abnormal) on my face and scalp Also my liver has been hurting on a consistent basis.

Offender Signature _Phillip D. Yerean_ _____ Date 2-8-2016

_Offenders - Do Not Write Below This Line_

Date Received: 2-9-16

Response Due: 2-24-16 _____ Tracking # 01404

Action Taken/Response: _____ Assigned to: S-2 medical

You will be scheduled for provider sick call to discuss above concerns.

RECEIVED
MAR 07 2016
GRCC GRIEVANCE OFFICE

RECEIVED
MAR 18 2016

E Shaw RN _____ E. Shaw RN _____ 2-22-16

Respondent Signature _____ Printed Name and Title _____ Date

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint ~~and understand that by withdrawing this Informal Complaint,~~ I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____

Staff Witness Signature: _____ Date: _____

RECEIVED
MAR 14 2016
Ombudsman Unit
Eastern Region

RECEIVED
MAR 02 2016
GRCC GRIEVANCE OFFICE

APR 2 0 2016

Exhibit 5-A

# REGULAR GRIEVANCE

GCC-16-REG-00226

Log Number:_____

| Vaxons | Phillip | 1015190 | 4-231 T | 231 T |
|--------|---------|---------|---------|-------|
| Last Name | First | Number | Building | Cell/Bed Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint or other documentation of informal process.) I have Hepatitis C and have sought treatment for my condition but have been turned down by medical department with the excuse being my Viral loads are too low to treat. This is my only issue. Anything beyond this point is only in support of my one issue. As a symptom Hepatitis C causes random hairloss if it goes untreated. I am now experiencing hairloss (abnormal) on my face and scalp. Also, my liver has been hurting on a consistent basis. The elevated levels of pain I am experiencing in my liver, as well as the random abnormal hairloss is proof that my disease is progressing. In addition to my complaint No (tracking # 014614) the medical care provider continues to undermine my attempts of getting treatment. This affects me personally because without treatment Hepatitis C can cause irreversible damage to my liver such as liver cancer, Cirrhosis, and ultimately Death. I was refused treatment on ~~XXXXX~~ 2-4-2015

**RECEIVED**

MAR 07 2016

GRCC GRIEVANCE OFFICE

**What action do you want taken?** The same treatment for Hepatitis C that is available for free Citizens

**RECEIVED**

MAR 18 2016

GRCC GRIEVANCE CE.

Grievant's Signature: [signature] #1015190          Date: 2-29-2016

Warden/Superintendent's Office: D.Y.K.D.   **RECEIVED**   **RECEIVED**

Date Received:_____ 3-18-16   **RECEIVED**   MAR 14 2016   MAR 02 2016

APR 2 0 2016                      Ombudsman Unit   GRCC GRIEVANCE
                                 sion              OFFICE

VIRGINIA DEPARTMENT OF CORRECTIONS
Regular Grievance

Effective Date: De·
Operating Procedure 866.1 At·

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | INTAKE: Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*.<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☒ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. 2/5/11 |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☒ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: *Date refused treatment, Also date this Grievance.* |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _S. Sipp_ Date: **3/2/16**

| | If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final. |
|---|---|

Regional Review of Intake (within 5 working days of receipt)

| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
|---|---|
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☒ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _CBmo_ Date: **3/14/16**

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

Revision Date: 5/29/07

Dear Ombudsman,                                              3-8-2016

My name is Philip Yaconis and I am appealing to you the decision by grievance coordinator. She rejected my appeal on the grounds of the filing time being expired. It's obvious that I did not goto medical on 2-4-2015 and waited a whole year to voice my complaint. It was an honest mistake to write 2015 instead of 2016 on the grievance as it is fairly early in the new year and easy to make that mistake. She should of pointed out the mistake and allowed me an opportunity to correct it before denying my right to grieve medical issues. I ask that you please return the grievance so for logging and review.

Thank you

RECEIVED

MAR 14 2016

Ombudsman Unit
Eastern Region

RECEIVED

APR 20 2016

OFFICE OF HEALTH SERVICES

RECEIVED

MAR 18 2016

GROC GRIEVANCE O...



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6

DOC Location: GCC Greensville Correctional Center

Report generated by Kinsley, D Y

Report run on 04/13/2016 at 3:34 PM

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Yaconis, Phillip D | | 1015190 | **Current**  Greensville Correctional Center | | GCC-16-REG-00226 |
| **Housing** | | | **Filed**      Greensville Correctional Center | | |
| HU4-2-231-T | | | | | |

LEVEL I:    __WARDEN/SUPERINTENDENT'S RESPONSE__      (To be completed and mailed within 30 calendar days)

In your grievance you state that you have been denied proper medical care concerning your Hepatitis C diagnosis.

As a result of this grievance you would like the same treatment for Hepatitis C that is available for free citizens.

The results of the informal process reveal per Nurse E. Shaw, you will be scheduled for provider sick call to discuss above concerns.

An investigation into your complaint indicates per Operating Procedure 720.1, Access to Health Services, the Facility Unit Head, in conjunction with the Health Authority, will ensure that offenders have access to, and are provided adequate health care services. The continuity of health care shall be available from admission to discharge. Treatment of offenders' health problems should not be limited to resources available within the facility. Treatment of offenders' health problems will not be limited to resources available within a facility. If a higher level of care is required than can be provided at the assigned facility, the offender should be moved to an appropriate facility or provided community services if necessary.

Further investigation has revealed that per Nurse L. Bryant Chilcote, Director of Nursing, she has reviewed your medical record and found that you were evaluated for treatment and do not meet the treatment criteria. You are being followed by the Medical Department under the chronic care program and is monitored every six months. The Chronic Care Program includes running labs and monitoring pertinent values in order to monitor for progression of the disease. At your most recent visit there was no indication for further treatment, only to continue your chronic care visits and monitoring.

**Your grievance is governed by Operating Procedure 720.1 Access to Health Services**

**After thoroughly reviewing the information presented by staff in response to your complaint and the policy governing the issue, I find your grievance to be unfounded as there has been no violation of policy.**

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:

Health Services Director, PO Box 26963, Richmond, VA  23261-6963

| Warden/Superintendent | Date  4/13/16 |
|---|---|

I wish to appeal the Level I response because: In response to my grievance + Warden Parker, uses Asst Operating Procedure 720.1 which ensure's that all inmates that reside in a VA DOC correctional Facility will be provided adequate and sufficient health care services. The only monster my life threatning disease while there is adequate and sufficient treatment for Hepatitis C and not treat my disease, is the same thing as watching me die slowly and painfully and doing nothing about it when it is well within the means of D.O.C. and Armor correctional Health services, Incorporated to provide the treatment. My grievance should be founded and I should be given treatment.

| Offender Signature   1015-190 | Date  4-15-2016 |
|---|---|

RECEIVED

Exhibit 5-D

VIRGINIA DEPARTMENT OF CORRECTIONS

866.1 A-7

## Offender Grievance Response - Level II

DOC Location: C00 Central Office, Administration

Report generated by Ray, H C

Report run on 04/22/2016 at 9:43 AM

*Exhibit 5 - E*

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Yaconis, Phillip D | 1015190 | **Current** Greensville Correctional Center | | GCC-16-REG-00226 |
| **Housing** | | **Filed** Greensville Correctional Center | | |
| HU4-2-231-T | | | | |

LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE (To be completed and mailed within 20 calendar days)

**LEVEL II HEALTH SERVICES DIRECTOR:**

Your grievance appeal complaint has been reviewed along with the response from Level I and your complaint that you are being denied the treatment for Hepatitis C.

Based on the information provided and upon further investigation, I concur with the Level I response and have determined your grievance **UNFOUNDED.** As you were advised, it is reported that you currently do not meet the DOC criteria for the Hepatitis C treatment. However, it is noted that your condition is being evaluated and monitored onsite by the GCC physician through the chronic care clinic. This issue is governed by **restricted policy.**

**If you have any further issues, please resubmit a sick call request for further evaluation of your medical needs and treatment plan.** You are encouraged to follow the recommendations of the health care staff as well. There is no violation of policy/procedure regarding this issue. No further action is needed from this level.

**In accordance with OP 866.1 governing the Offender Grievance Procedure, Level II is the last level of appeal for this complaint. All administrative remedies have been exhausted regarding this issue.**

| | |
|---|---|
| Regional Director, Health Services Director, or Chief of Operations for Offender Management Services | Date  4/25/16 |

Operating Procedure 866 Attachment 2
Effective Date: July 1, 2013

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

An Informal Complaint is not required for an alleged incident of sexual abuse.

Phillip Yaconis
_Offender Name_

1015190
_Offender Number_

_Housing Assignment_

☐ Unit Manager/Supervisor
☐ Personal Property
☒ Medical Administrator

☐ Food Service
☐ Commissary
☐ Other (Please Specify): ____

☐ Treatment Program Supervisor
☐ Mailroom

Briefly explain the nature of your complaint (be specific):

I was called to Medical to discuss the lab results that were taken on 2-2-2012. The Nurse Practitioner (Nurse Willis) stated that having hepatitis C is not part of the protocol for being treated. I told her that I would like to see a liver specialist because of the pain I was experiencing on my right side. She told me there was no need to see any other specialist. And asked me to leave medical.

Offender Signature _Phillip Dupo_  1015190  Date 2-17-2016

_Offenders – Do Not Write Below This Line_

Date Received: 2-19-16

Response Due: 3-5-16

Tracking # 016895

Action Taken/Response:                    Assigned to S2 medical

You will be scheduled for sick call to discuss with a provider.

RECEIVED
MAR 16 2016
GRCC GRIEVANCE OFFICE

_teShawen_
Respondent Signature

ESHAWEN   3-4-16
_Printed Name and Title_        _Date_

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: ____   RECEIVED   Date: ____

Staff Witness Signature: ____   APR 18 2016   Date: ____

OFFICE OF HEALTH SERVICES

Revision Date: 4/9/13

# REGULAR GRIEVANCE

Exhibit 6-B

G-CC-16-REG-00213
Log Number: _____

| Yaconis | Phillip | 1015190 | 4 | 231 T |
|---|---|---|---|---|
| Last Name | First | Number | Building | Cell/Bed Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint or other documentation of informal process.) On 2/17/2016 I was called to medical Department in S-2 to discuss with N/P Willis my blood work results from 2/2/2016. Ms. Willis stated having Hep C is not part of protocol for getting Hep C treatment and there was no need to see any specialist for my Hep C condition.

RECEIVED
MAR 16 2016
GRCC GRIEVANCE OFFICE

**What action do you want taken?** I want the appropriate and adequate treatment for my potentially life threatening condition (Hepatitis C) that people in the free world are getting.

Grievant's Signature: _____   Date: 3-10-2016

Warden/Superintendent's Office: D. Y. Kinsley

RECEIVED

Date Received: 3-16-16

APR 19 2016

OFFICE OF HEALTH SERVICES

OFFICE OF HEALTH SERVICES

VIRGINIA DEPARTMENT OF CORRECTIONS
Regular Grievance

Effective Date: December 1, 2010
Operating Procedure 866.1   Attachment 2

**INSTRUCTIONS FOR FILING**: You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | |
|---|---|
| **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): | |
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to resolve your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _____   Date: _____

| | |
|---|---|
| **If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.** | |
| Regional Review of Intake (within 5 working days of receipt) | |
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____   Date: _____

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____   Date: _____

Staff Witness: _____   Date: _____

Revision Date: 5/29/07



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6
DOC Location: GCC Greensville Correctional Center
Report generated by Tapp, S A
Report run on 04/08/2016 at 1:25 PM

| Offender Name | DOC# | Location | | Grievance Number |
|---|---|---|---|---|
| Yaconis, Phillip D | 1015190 | **Current**  Greensville Correctional Center | | GCC-16-REG-00213 |
| **Housing** | | **Filed**      Greensville Correctional Center | | |
| HU4-2-231-T | | | | |

LEVEL I:    WARDEN/SUPERINTENDENT'S RESPONSE       (To be completed and mailed within 30 calendar days)

**In your grievance you state that** you want the appropriate and adequate treatment for your hepatitis C.

**As a result of this grievance you would like** to receive appropriate and adequate treatment for your life threatening condition.

The results of the informal process reveal that per Nurse E. Shaw, RN, you will be scheduled for sick call to discuss with a provider.

**An investigation into your complaint indicates** that per Operating Procedure 720.1 IV #A, the Facility Unit Head, in conjunction with the Health Authority, will ensure that offenders have access to, and are provided adequate health care services.  The continuity of health care shall be available from admission to discharge.  Treatment of offenders' health problems should not be limited to resources available within the facility.

Further investigation has revealed that per A. Smith, RN, Assistant Health Service Administrator, according to your medical chart, on 5/27/2015 Dr. Amonette reviewed your labs and medical information concerning Hepatitis C.  At that time, you did not meet the criteria for Hepatitis C treatment. You were seen and re-evaluated on several occasions.  On 3/7/16 you were seen by the provider and a consult for gastroenterologist was requested. You are being followed appropriately for your Hepatitis C.    Based on the information above, this grievance is Unfounded.

**Your grievance is governed by** Operating Procedure 720.1 (Access to Health Care).

**After thoroughly reviewing the information presented by staff in response to your complaint and the policy governing the issue, I find your grievance to be UNFOUNDED** as there has been no violation of policy.

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Health Services Director, PO Box 26963, Richmond, VA  23261-6963

| | |
|---|---|
| *C M Ginllu, sw* | 4-12-16 |
| Warden/Superintendent | Date |

I wish to appeal the Level I response because:  I wish to appeal the level 1 grievance response because per Operating Procedure 720.1 IV #A, the facility Unit Head in conjunction with the Health Authority will ensure that OFFENDERS have access to, and are PROVIDED ADEQUATE HEALTH CARE SERVICES. The continuity of health care shall be available from ADMISSION to DISCHARGE. Treatment of offenders' health problems SHOULD NOT BE LIMITED TO RESOURCES AVAILABLE WITHIN THE FACILITY

RECEIVED

APR 1 9 2016

Rev. 05/31/2007

To not treat an offender for a life threatening condition is a clear

**Offender Signature** _[signature]_ 1015190   |   **Date** 4-14-2016

Violation of Operating Procedure 720.1 IV #A. In the level 1 response Warden Parker makes reference of Dr. Mark Amonette's letter of denial in treating my life threatening condition. This letter was submitted by Dr. Amonette 11 months ago. I can assure you that if they were properly "monitoring" my life threatening condition there would of been other letter's of denial by Dr. Amonette to refer to other than the one from 11 months ago. To evaluate someone's life threatening condition but not treat them when there is available treatment is absolutely against the laws of the Land. My liver is in constant pain which I tell the provider each time I go to sick call and my hair is falling out in patches. Any lay person can look at me and tell that I am sick. I have yet to see any specialist to consult about treatment. So if I saw ~~one~~ medical care provider on 3/7/2016, the request was made by me, but rest assured MY request to see a Gastroenterologist was ignored. The response from Warden Parker is misleading. The medical care provider here at GREENSVILLE CORRECTIONAL CENTER is not doing anything to combat or slow down the Progression of my life threatening disease. They are just watching me get sicker and ~~sicker~~ sicker hoping that I die before they are obligated to act according to their own standards and protocols

Received and Submitted for Appeal
on: 4-14-2016

_[signature]_ 1015190

CC: Personal File

**RECEIVED**

APR 19 2016

OFFICE OF HEALTH SERVICES

VIRGINIA DEPARTMENT OF CORRECTIONS

866.1 A-7

**Offender Grievance Response - Level II**

DOC Location: C00 Central Office, Administration

Report generated by Ray, H C

Report run on 04/20/2016 at 3:16 PM

Exhibit 6-D

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Yaconis, Phillip D | | 1015190 | **Current** | Greensville Correctional Center | GCC-16-REG-00213 |
| **Housing** | | | **Filed** | Greensville Correctional Center | |
| HU4-2-231-T | | | | | |

LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE (To be completed and mailed within 20 calendar days)

**LEVEL II HEALTH SERVICES DIRECTOR:**

Your grievance appeal complaint has been reviewed along with the response from Level I and your complaint that you are experiencing pain on your right side from Hepatitis C; therefore, you need to be seen by a liver specialist.

Based on the information provided and upon further investigation, I concur with the Level I response and have determined your grievance **UNFOUNDED.** It is reported that you have been screened and currently you do not meet the criteria for the Hepatitis C treatment. However, it is further noted that you are pending approval for a consultation with a G.I. specialist. This issue is governed by **restricted policy.**

**If you have any further issues, please resubmit a sick call request for further evaluation of your medical needs and treatment plan.** You are encouraged to follow the recommendations of the health care staff as well. There is no violation of policy/procedure regarding this issue. No further action is needed from this level.

**In accordance with OP 866.1 governing the Offender Grievance Procedure, Level II is the last level of appeal for this complaint. All administrative remedies have been exhausted regarding this issue.**

| | |
|---|---|
| Regional Director, Health Services Director, or Chief of Operations for Offender Management Services | Date 4/22/16 |

**EXHIBIT 7**

*Virginia Department of Corrections*

**Offender Trust Daily Receipt**

COV\wjt43994
3/8/2016 8:11:20 AM
CorisSnap

Account Location:   GREENSVILLE CORRECTIONAL CENTER FG

| Beginning Date | 3/7/2016 | Ending Date | 3/7/2016 |
|---|---|---|---|

Yaconis, Phillip David (1015190)                    Greensville Correctional Center [HU4-2-231-T]

| | SPEND (511) | HOLD (512) | SAVINGS (513) | COMMISSARY (514) | UNCLAIMED (515) | RESERVE (516) | COURT (519) | CHILD SUPPORT (520) |
|---|---|---|---|---|---|---|---|---|
| Beginning Payables: | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | LOANS (211) | MEDCO LOANS (212) | | | | | | |
| Beginning Receivables: | 0.00 | 0.00 | | | | | | |

| Post Date | Batch Number | Transaction Description | TC REF | Amount | Received From / Payee Name |
|---|---|---|---|---|---|
| 03/07/2016 | GCC20160307WDSLS08 | Copies | 89-511 | 8.00 - | |

| | SPEND (511) | HOLD (512) | SAVINGS (513) | COMMISSARY (514) | UNCLAIMED (515) | RESERVE (516) | COURT (519) | CHILD SUPPORT (520) |
|---|---|---|---|---|---|---|---|---|
| Ending Payables: | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | LOANS (211) | MEDCO LOANS (212) | | | | | | |
| Ending Receivables: | 0.00 | 0.00 | | | | | | |

**RECEIVED**

MAR 3 1 2016

GRCC GRIEVANCE OFFICE

**RECEIVED**

MAY 0 5 2016

OFFICE OF HEALTH SERVICES

Effective Date: July 1, 2013
Attachment 2

# Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
An Informal Complaint is not required for an alleged incident of sexual abuse.

Offender Name: Phillip Yacina

Offender Number: 1015190

Housing Assignment: 4-231 T

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [X] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify): _____
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific):

I have requested medical records from M.R.T Ms. spener. After I presented to Ms spener a receipt showing that I have paid for those copies (80 in total) I still have not received my medical copies. On 3-9-2016 I went to the pill window and showed Ms spener proof of payment she told me to return the next day (3-10-2016) upon my return I was sent away from the medical window empty handed (no copies)

Offender Signature: Phillip Difin                     Date 3-10-2016

### Offenders – Do Not Write Below This Line

Date Received: 3-11-16

Response Due: 3-26-16                     Tracking # 02393

Action Taken/Response:          Assigned to: S-2 medical

According to Ms Spencer, you did not report to pill window to pick up their copies. You will be called to medical today.

Respondent Signature: E Shawn RN

Printed Name and Title: E Shawn RN          Date: 3.28.16

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file another Informal Complaint or Grievance on this issue.

Offender Signature: _____

Staff Witness Signature: _____          Date: _____

          Date: _____

RECEIVED

MAY 0 5 2016

OFFICE OF HEALTH SERVICES

Revision Date: 4/9/13

Exhibit 7-A

Effective Date: July 1, 2013

Informal Complaint
Attachment 2

# Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

An Informal Complaint is not required for an alleged incident of sexual abuse.

Offender Name _____   Offender Number _____   Housing Assignment _____

☐ Unit Manager/Supervisor          ☐ Food Service          ☐ Treatment Program Supervisor
☐ Personal Property                ☐ Commissary           ☐ Mailroom
☐ Medical Administrator            ☐ Other  (Please Specify): _____

Briefly explain the nature of your complaint (be specific):

_____

_____

_____

_____

_____

_____

_____

Offender Signature _____  Date _____

### Offenders – Do Not Write Below This Line

Date Received: _____

Response Due: _____                    Tracking # _____

Action Taken/Response: _____     Assigned to: _____

_____

_____

_____

_____

_____

_____

Respondent Signature _____  Printed Name and Title _____  Date _____

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____  Date: _____

Staff Witness Signature: _____  Date: _____

Revision Date: 4/9/13

## REGULAR GRIEVANCE

Exhibit 7-B

GRC-16-Reg-0029

Log Number: _____

| Yacaris | Phillip | 1015190 | 4 | 231 T |
|---------|---------|---------|---|-------|
| Last Name | First | Number | Building | Cell/Bed Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint or other documentation of informal process.) I have requested medical records from M.R.T. Ms. Spencer. After I provided to Ms. Spencer a receipt showing that I have paid for these copies (8₀₀ in total) I still have not received my medical copies. On 3-9-2016 I went to the pill window and showed Ms. Spencer proof of payment she told me to return the next day (3-10-2016), upon my return I was sent away from the medical window empty handed (no copies) My one and only issue is this: I have paid for a copy of my medical records, presented a receipt to Ms. Spencer proving purchase but still have not received my medical records. This affects me personally because I have paid for services that are not being provided. Informal Complaint was not answered in the time frame allotted via Operating Procedure. And to date I have not received copies

**What action do you want taken?** I want the copies that I have paid for in advance

Grievant's Signature: _Phillip D. Yacaris_ 1015190        Date: 3-30-2016

Warden/Superintendent's Office: _____

Date Received: __4/6/16__

RECEIVED
MAY 0 5 2016
OFFICE OF HEALTH SERVICES

RECEIVED
MAR 31 2016
GRCC GRIEVANCE OFFICE

Revision Date: 5/29/07

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1.<br>☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline.*<br>☐ Matters beyond the control of the Department of Corrections |
| ☐ | Does not affect you personally |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☒ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: *Answered Informal Complaint that has been returned to you. Also date grievance.* |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: *S Sapp*     Date: *3/31/16*

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| | Regional Review of Intake (within 5 working days of receipt) |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure.* |
| ☐ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____     Date: _____

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____     Date: _____

Staff Witness: _____     Date: _____

*Revision Date: 5/29/07*



VIRGINIA DEPARTMENT OF CORRECTIONS

**Offender Grievance Response - Level I**

866.1 A-6
DOC Location: GCC Greensville Correctional Center
Report generated by Tapp, S A
Report run on 04/21/2016 at 10:29 AM

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Yaconis, Phillip D | | 1015190 | **Current** Greensville Correctional Center | | GCC-16-REG-00279 |
| **Housing** | | | **Filed** Greensville Correctional Center | | |
| HU4-2-231-T | | | | | |

LEVEL I:  __WARDEN/SUPERINTENDENT'S RESPONSE__    (To be completed and mailed within 30 calendar days)

**In your grievance you state that** you have not received the medical records you paid for on 3/7/16.

**As a result of this grievance you would like** to obtain copies of these records.

**The results of the informal process reveal** that per Nurse E. Shaw, RN, according to Ms. Spencer, you did not report to pill window to pick up your copies.  You will be called to Medical today.

**An investigation into your complaint indicates** that per Operating Procedure 050.6, IV, D #6a, offenders may request copies of their medical, dental and mental health records and copies of such records will be provided within 15 days of the request, provided that the offender pays for such copies in advance of receiving them.

Further investigation reveals that per A. Smith, Assistant Health Service Administrator, your chart was reviewed and found that you were called over on 3/21/16 and it is documented that you were a no show.  You had placed an informal complaint on 3/10/16 and Ms. Shaw responded that you would be called over on that day (3/28/16) to pick up your records, however you were not provided the medical records until 4/6/16.  Your grievance is therefore being ruled as Founded.  Staff have been advised to ensure policy is adhered too.

**Your grievance is governed by** Operating Procedure 050.6 (Offender Access to Records Information).

**After thoroughly reviewing the information presented by staff in response to your complaint and the policy governing the issue, I find your grievance to be FOUNDED** as you were not provided the requested records until 4/6/16.

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Health Services Director, PO Box 26963, Richmond, VA 23261-6963

| | |
|---|---|
| _CMPullin, sw_ | _4/25/16_ |
| Warden/Superintendent | Date |

I wish to appeal the Level I response because: Even though this grievance is Founded, the information provided via the investigation is grossly inaccurate and false. For A. smith to claim that I was a "no show" on 3-21-2016, there would have to be evidence of a refusal on my part. I did not, at any time, refuse to go to medical to pick up my medical file. I was not ever informed to report to medical to pick up my medical file. The medical department's claims to my "lack of effort" in picking up my medical file is baseless and should be entertained as such. There is no factual evidence showing

**RECEIVED**

MAY 05 2016

Exhibit 7-C
Page 1 of 2

Exhibit 76

| Offender Signature | Date 4-28-2016 |
|---|---|

That I was notified and decided not to show up for my medical file. If that were the case there would be a "refusal to consent" form dated 3-21-2016, either signed by me or witnessed by a credible party who can vouch for the claims made by ~~REDACTED~~ A. Smith. The bigger issue is that this is common here at GRCC. And I would like someone outside of the institution to be aware of the negligent acts of the medical staff here at GRCC.

**RECEIVED**

**MAY 0 5 2016**

OFFICE OF HEALTH SERVICES

VIRGINIA DEPARTMENT OF CORRECTIONS

866.1 A-7

## Offender Grievance Response - Level II

DOC Location: C00 Central Office, Administration

Report generated by Ray, H C

Report run on 05/05/2016 at 10:19 AM

ExhiBit 7-D

| Offender Name | | DOC# | Location | | Grievance Number |
|---|---|---|---|---|---|
| Yaconis, Phillip D | | 1015190 | **Current**   Greensville Correctional Center | | GCC-16-REG-00279 |
| **Housing** | | | **Filed**   Greensville Correctional Center | | |
| HU4-2-231-T | | | | | |

LEVEL II: REGIONAL DIRECTOR, HEALTH SERVICES DIRECTOR OR CHIEF OF OPERATIONS FOR OFFENDER MANAGEMENT SERVICES RESPONSE (To be completed and mailed within 20 calendar days)

**LEVEL II HEALTH SERVICES DIRECTOR:**

Your grievance appeal complaint has been reviewed along with the response from Level I and your complaint that you did not receive copies of your medical record.

Based on the information provided and upon further investigation, I concur with the Level I response and have determined your grievance **FOUNDED**. As you were advised in the level I response, it is noted that you did not receive your medical record copies during the informal process on 03/28/16. This issue is governed by OP 050.6.

It is reported that you received your medical record copies on 04/06/16. GCC Medical will be reminded to develop a plan to ensure procedures are followed in accordance with policy. There is no further action needed from this level. If you have any further issues, please submit a sick call request to the medical department at your facility.

**In accordance with OP 866.1 governing the Inmate Grievance Procedure, Level II is the last level of appeal for this complaint. All administrative remedies have been exhausted regarding this issue.**

| Regional Director, Health Services Director, or Chief of Operations for Offender Management Services | Date   5/9/16 |
|---|---|

*Exhibit 8*

**Nursing Evaluation Tool**      <u>**General Sick Call**</u>

Facility: _____

Inmate Name: _Yaconis_    _Phillip_
           Last           First         MI

Inmate Number: _1015790_

Date of Report: _12 / 23 / 15_      Time Seen: _0915_ (AM) PM   Circle One
       MM   DD   YYYY

**Complaint**   Chief Complaint(s): _Request liver test_

          Onset: _ongoing_

Brief History: _HCV_

**Observation:**   Vital Signs: (As Indicated) T _98_ P: _62_   RR: _16_   B/P: _116 / 71_   wt _18_

Examination Findings: _Offender alert, verbal and oriented X3. No acute_
(Continue on back if necessary)
_distress. Requested a liver test due to Hx HCV, and check_
_signs of liver damage._

**Intervention:** (Referral Status): _____

     ☐ Referral <u>NOT REQUIRED</u>

     ☑ Referral <u>REQUIRED</u> due to the following: (Check all that apply)
         ☐ Recurrent Complaint (More than 2 visits for the same complaint)
         ☐ Other: _____

**Comment:** You should contact a physician and/or a nursing supervisor if you have any concerns about the status of the patient or are unsure of the appropriate care to be given.

Check All That Apply:
☐ Instructions to return if condition worsens.
☐ Education: The patient demonstrates an understanding of the nature of their medical condition and instructions regarding what they should do as well as appropriate follow-up. ☐ YES ☐ NO (If NO then schedule patient for appropriate follow-up visits)
☐ Other: _____
     (Describe)

OTC Medications given ☑ NO ☐ YES (If Yes List): _____    _Paula Waddy MD_

Referral: ☐ NO ☑ YES (If Yes, Whom/Where): _provider_    MD: _12/23/2015_

Referral Type: ☐ Routine ☐ Emergent (if emergent who was contacted?): _____ Time _____

Name: _Dr Muhammad_

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received in the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
An Informal Complaint is not required for an alleged incident of sexual abuse.

Offender Name: Yacons, Phillip

Offender Number: 1015190

Housing Assignment: 4-231-T

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [X] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify):
- [ ] Treatment Program Supervisor
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific):

On 4-6-2016 I received copies of my Medical record. Upon observation of my medical records I have found them to be grossly inaccurate and barely legible. I have kept my own personal records so to use as a timeline and the two do not coincide with one another. The medical notes kept by medical staff are misleading and incomplete.

Offender Signature: _Phillip D. Yacons_   1015190   Date 4-6-2016

### Offenders – Do Not Write Below This Line

Date Received: 4-8-16

Response Due: 4-25-16

Tracking #: 032161

Action Taken/Response:   Assigned to: Sk medication

It is not clear, as to what documentation you are referring to. Please be more specific.

RECEIVED

MAY 16 2016
Ombudsman Unit
Eastern Region

RECEIVED
MAY 05 2016
GRCC GRIEVANCE OFFICE

Respondent Signature: _EShaw RN_

Printed Name and Title: E Shaw RN

Date: 4-22-16

### WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____   Date: _____

Staff Witness Signature: _____   Date: _____

(Exhibit 9-A)

# REGULAR GRIEVANCE

Exhibit 9-B

Log Number: _____

| | | | | |
|---|---|---|---|---|
| Vacarru | Philip | 1015140 | ~~Housing~~ 4 | 231 T |
| Last Name | First | Number | Building | Cell/Bed Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: Attach Informal Complaint or other documentation of informal process.) On 4-6-2016 I received copies of my medical record. Upon observation of my medical records, I have found them to be grossly inaccurate and barely legible. I have kept my own personal records to serve as a timeline and the two do not coincide with one another. The medical notes kept by medical staff are misleading and incomplete. This is my only issue. Anything from here forward is only in support of my only issue. On dates that I went to medical about receiving treatment for Hep C. I made it a point to mention the pain in my right side as well as the frequent diarrhea and nausea and only my pain on my right side was ever noted and that only on two occasions. This affects me personally because the inaccuracy of their (medical staff) can mean life of death for me.

**What action do you want taken?** Medical staff to handle my file with the integrity they are sworn to.

_____

_____

_____

**RECEIVED**
MAY 16 2016
Ombudsman Unit
Eastern Region

Grievant's Signature: _[signature]_                Date: 5/01/2016

Warden/Superintendent's Office: _____

Date Received: _____

**RECEIVED**
MAY 05 2016
GRCC GRIEVANCE OFFICE

**INSTRUCTIONS FOR FILING:** You are required per Operating Procedure 866.1 *Offender Grievance Procedure* to attempt to resolve your complaint in good faith prior to filing a regular grievance. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | INTAKE: Grievances should be accepted for logging unless returned for the following reason(s): |
|---|---|
| ☐ | Non-Grievable. This issue has been defined as non-grievable in accordance with Operating Procedure 866.1. <br> ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Operating Procedure 861.1, *Offender Discipline*. <br> ☐ Matters beyond the control of the Department of Corrections |
| ☒ | Does not affect you personally *This issue has not caused you personal loss or harm.* |
| ☐ | Limited. You have been limited by the Warden/Superintendent |
| ☐ | More than one issue – resubmit with only one issue |
| ☐ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the offender's control or, 2) where a more restrictive time frame has been established in Operating Procedures to prevent loss of remedy or the issue from becoming moot. |
| ☐ | Repetitive. This issue has been grieved previously in Grievance # |
| ☐ | Inquiry on behalf of other offenders. |
| ☐ | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| ☐ | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH OPERATING PROCEDURE 861.1 *OFFENDER DISCIPLINE* |
| ☐ | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ☐ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| ☐ | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint |
| ☐ | Request for services |
| ☐ | Insufficient Information. You need to provide the following information to the Grievance Office within 5 days before the grievance can be processed: _____ |
| ☐ | The issue in the grievance is different from the issue in the informal complaint |
| Institutional Ombudsman/Grievance Coordinator: *S Dapp* | Date: 5/5/16 |

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

| | Regional Review of Intake (within 5 working days of receipt) |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1 *Offender Grievance Procedure*. |
| ☑ | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| ☐ | The grievance meets the criteria for intake and is being returned to the Warden/Superintendent for logging. |
| Regional Ombudsman: *C Brao* | Date: 5/18/16 |

**WITHDRAWAL OF GRIEVANCE:** I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Offender Signature: _____ Date: _____

Staff Witness: _____ Date: _____

*Revision Date: 5/29/07*

Phillip David Yacenis
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870-9614

Exhibit 9-C

May 10, 2016

Attn: Ombudsman
Eastern Regional Office
1001 Obici Industrial Blvd Suite F
Suffolk, VA 23434

RECEIVED
MAY 16 2016
Ombudsman Unit
Eastern Region

Dear Ombudsman,

I am writing in regards to the grievance that I filed addressing the integrity of the records kept by the Unit medical provider. This grievance is critical for the institution because the health of the prisoners housed at Greensville Correctional Center depend on the accuracy of the medical records and how the medical provider keeps track of the symptoms, pains, and any other tell tale signs of a serious medical condition. For me to complain about sharp continual pains on my right side that keep getting worse; and to have the medical provider record my complaint as a lower back pain is absolutely a false and inaccurate account of my complaint. My liver hurts and I made specific mention of the area that was hurting. I have even stated that my pain is not related to sciatica so there would be no confusion. The actions of the medical provider once again display absolute disregard for Hepatitis C and the well being of the inmates affected by the virus. In support of this letter I ask that you return the said grievance back to the administration of Greensville for filing and review.

With Kind regards,